CASE 27—JUNE 23.

# Wren vs. Hynes' administrator, &c.

APPEAL FROM NELSON CIRCUIT COURT.

1. Where a devise is made to several persons by name, or as a class, with words of survivorship annexed, if the gift is to take effect in possession immediately after the death of the testator, the uniform rule of construction is, to refer the words of survivorship to that event, and to regard them as intended to provide against the contingency of the death of the object of the testator's bounty in his lifetime.

2. No fixed rule of interpretation can be established as applicable to words of survivorship; but that construction should be adopted which, considering the particular devise upon which the question arises, in connection with all the other provisions contained in the will, will be most likely to promote and effectuate the intention of the testator.

3. When the word survivor is used, in connection with a distribution of the subject of the gift, to be made at some period subsequent to the time of the death of the testator, the word seems naturally and properly to refer to the period of distribution; the most obvious meaning of the term when thus used is, that the devisees *then* surviving are the persons intended to be embraced by it.

4. A will contained this clause: "It is my will and desire that when my youngest child shall arrive at the age of twenty-one years, that the twelve thousand dollars set apart in bank stock shall be equally divided among all my *surviving* children, *or their heirs.*" The will directed the dividends upon the stock to be paid to the widow of

the testator until the period of distribution. *Held*—(intrinsic evidence afforded by dispositions of other property in other portions of the will fortifying the construction,) that the survivorship refers to the period of distribution, and not to the death of the testator; and that the expression, " or their heirs," are words of purchase and not of limitation. A daughter of the testator, who survived him, having died without issue prior to the period of distribution, her husband is not entitled to an interest in the estate.

JNO. E. NEWMAN, for appellee, cited 25 *Wend.*, 131, 139 ; *Rev. Stat.*, 280 ; 12 *B. Mon.*, 518 ; *Jarman on Wills*, 756 ; 1 *Roper on Legacies*, 392 ; 4 *Dana*, 570 ; 7 *B. Mon.*, 631 ; 2 *Ib.*, 461 ; 5 *Dana*, 439 ; 5 *J. J. Mar.*, 357 ; 16 *Mass.*, 244 ; 9 *Leigh*, 79, 96 ; 1 *Dessaure's Eq. R.*, 324 ; *Ib.*, 499 ; 2 *Pick.*, 469 ; 10 *Ohio*, 38 ; 12 *B. Mon.*, 632 ; 11 *Ib.*, 86, 91 ; 2 *Ib.*, 461 ; 3 *Stat. Law*, 400 ; *Addison on Contracts*, 847 ; 2 *B. Mon.*, 166 ; 11 *Grattan*, 75 ; 6 *Dana*, 52 ; 35 *Eng. Law and Eq.*, 589 ; *Lomax on Executors, side page* 58 ; 4 *Kent*, 202 ; 15 *B. Mon.*, 551 ; 1 *Bro. P. C.*, 189 ; 1 *Vesey, sen.*, 165 ; 3 *Burr.*, 1881 ; 2 *Vesey, jr.*, 265 ; 3 *Ib.*, 204 ; *Ib.*, 450 ; 7 *Ib.*, 280 ; 4 *Bos. & Pul.*, 82 ; 6 *Taunt.*, 213 ; 15 *Eng. C. L. Rep.*, 207 ; 5 *Cond. Eng. Ch. R.*, 263 ; 25 *Wend.*, 119 ; *Stone vs. Brown and wife, &c.*, *MS. opin., July* 8, 1856.

T. A. MARSHALL, for appellee, cited 9 *B. Mon.*, 324 ; 12 *B. Mon.*, 643.

C. A. WICKLIFFE, on same side, cited *Ward on Legacies, p.* 92 ; 18 *Law Library, side page* 179 ; *Ib.*, *Law Lib., side page* 180 ; *Roper on Legacies*, 271–2–3–4–275 ; *Ib.*, 268 ; 1 *Vesey*, 14 *and* 166 ; 4 *Ib.*, 554 ; 4 *Dana*, 457 ; 2 *Jarman on Wills, side pages* 643, 644, 650 ; 2 *Roper on Wills*, 268 ; *Ward on Legacies*, 172 ; 2 *Vesey*, 217 ; *Gilbert's Eq. Cases*, 11 ; 9 *B. Mon.*, 324 ; 2 *Salk.*, 415 ; 4 *Ves.*, 399 ; *Williams on Executors*, 773.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The question presented in this agreed case is, whether the appellant is entitled to the share of his deceased wife in twelve thousand dollars of bank stock, under the will of her father, William R. Hynes, deceased.

This question arises on the following clause in the will, viz : " It is my will and desire that when my youngest child shall arrive at the age of twenty-one years, that the twelve thousand dollars set apart in bank stock shall be equally divided among all my *surviving* children, *or their heirs*."

At the date of the will, and at the death of the testator, which occurred shortly thereafter, Alfred W. Hynes was his youngest child, being then about two years of age. The dividends on the bank stock, from the death of the testator until his youngest child should arrive at the age of twenty-one, were by the will directed to be paid to his widow, who died in July, 1856; in which month Alfred W. Hynes, the youngest child, attained the age of twenty-one.

After the death of the testator, the appellant married one of his daughters, who having died in 1842, without having had any issue, the administrator of William R. Hynes, deceased, distributed said bank stock among the children of the testator who were living at the time the youngest child arrived at the age of twenty-one, and the children of those who had previously died, and refused to give any part thereof to the appellant, inasmuch as his wife had died before the period of distribution.

Where a devise is made to several persons by name, or as a class, with words of survivorship annexed, it becomes material to determine, in order that a proper construction may be given to the devise, to what period the words of survivorship are intended to refer. If the gift is to take effect in possession immediately after the death of the testator, the uniform rule of construction is to refer the words of survivorship to that event, and to regard them as intended to provide against the contingency of the death of the object of the testator's bounty in his lifetime. In such a devise, when made to several persons by name, there is no other period to which the words could be made to refer.

Where, however, the gift is not to take effect in possession until the termination of a particular estate, the question then is, whether the words of survivorship are to be regarded as referring to the death of the testator, or to the termination of the particular estate, being the time fixed for the division or distribution of the subject of the gift.

In the earlier English decisions it will be found that in such cases the words of survivorship were held to refer to the period of the testator's death. The more modern adjudications have

adopted a different rule of construction, and make them refer to the termination of the prior estate. An examination of these conflicting decisions is not deemed necessary. The most important of them are collated and referred to in *Jarman on Wills*, (2 *vol., from side page* 632 *to* 650.) The author concludes his examination of the cases on both sides of this question with the following remark :

" In this state of the recent authorities, one scarcely need hesitate to affirm that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator, is confined to those cases in which there is no other period to which survivorship can be referred; and where such gift is preceded by a life or other prior interest, it takes effect in favor of those that survive the period of distribution, and of those only." The author further remarks, however, that this rule is definitely settled only as to gifts of personal estate.

In some of the courts in this country it has been held that survivorship should, as a general rule, be referred to the period of the testator's death. (*Moore vs. Lyon*, 25 *Wendell*, 139; *Shattuck vs. Stedman*, 2 *Pickering*, 469; *Hansford vs. Elliott*, 9 *Leigh's Rep.*, 79; *Lawrence vs. McArter*, 10 *Ohio Rep.*, 38.)

The true and only legitimate inquiry, however, in such cases, is, what is the intention of the testator? As was said by Sir William Grant, in *Newton vs. Ayscough*, (19 *Vesey's Rep.*, 534,) " the period to which the survivorship relates depends not upon any technical words, but upon the apparent intention of the testator, to be collected from the particular disposition or the general context of the will."

No fixed rule of interpretation can be established as applicable to words of survivorship; but that construction should be adopted which, considering the particular devise upon which the question arises, in connection with all the other provisions contained in the instrument, will be most likely to promote and effectuate the intention of the testator.

It may, however, be remarked that, when the word survivor is used in connection with a distribution of the subject of the gift, to be made at some period subsequent to the time of the death of the testator, the word seems naturally and properly

to refer to the period of distribution. In such a devise a future time or event is fixed upon, when the surviving devisees shall receive the thing given; and the most obvious meaning of the term, when thus used, is, that the devisees *then* surviving are the persons intended to be embraced by it.

In addition, however, to the natural and apparent meaning of the word survivorship, when thus used, there is found in the will under consideration intrinsic and conclusive evidence that the testator did not intend it to refer to the time of his death, but to the time when the distribution of the bank stock was to be made among his children.

The will contains various devises, in which the gift is not preceded by any prior interest; and in no one of such devises, although made to several persons collectively, is the word survivor used to designate the person who is to have the benefit of the devise. Now, if the testator, by the use of the expression, " my surviving children," intended to refer to such of his children as survived *him*, this expression was as necessary where the gift was not preceded by a prior interest as where it was. But he only used it in the last named cases, thus showing clearly and unequivocally that he intended it to refer, not to the time of *his* death, but to the termination of the particular estate, at which time the division or distribution was to be made.

Thus, all the real and personal property he gave to his wife for the benefit of herself and such of the children as might live with her, he directed after her death to be sold, and the proceeds of the same to be thrown into a common stock for the benefit of all the *surviving children.* The estate thus devised, and the twelve thousand dollars of bank stock, were gifts, which were preceded by a prior interest, and, although they were not the only devises contained in the will which followed after the devise of a prior interest, yet they were the most important devises of that character, and both of them contained a limitation in favor of surviving children. If, therefore, the testator intended the term survivorship to apply to the time of his own death, why did he use it in such cases only as furnished another period to which it would more properly

apply, and omitted its use altogether in those cases in which such an application would have been exclusively appropriate ?

But the devise in question does not merely direct that at a particular time the bank stock shall be equally divided among all the testator's surviving children; it also adds, " *or their heirs*." These words were evidently intended to be taken distributively, and must be understood as referring to the heirs of such as might be dead at the time of distribution. They were not used as words of limitation, as is conclusively demonstrated by the fact that, although the testator makes numerous gifts to his children, individually and collectively, embracing both real and personal estate, yet there is not a single instance in the whole will, except in the disposition of the bank stock, in which he uses the word heirs, or any word indicating inheritance or succession, even when it is evident that he intended to vest the subject of the gift absolutely in his children. Besides, the word heirs is used in a different manner from that in which it is ordinarily used when intended to operate as a word of limitation. In such cases it is preceded by the word *and*, instead of *or*. It is true that in the case of *Martin vs. Kirby*, (11 *Grattan*, 67,) it was held that the expression " *or their heirs*" was substantially the same as the expression " *and their heirs*," and were words of limitation and not of purchase. But we think that in this case it is apparent, from the other provisions in the will, that they were used not as words of limitation, but as words of purchase. They were intended to operate as an alternative devise, or a devise over, in the event that any of the children should die leaving issue before the period of distribution. They could not have been introduced for any other purpose, because words of perpetuity were not deemed necessary by the testator to vest the inheritance even when he devised real estate, and he could not, therefore, have so used them when he was disposing of personal estate merely. This construction is fully warranted by the case of *Robb vs. Bell and Milam*, (12 *B. Mon.*, 643.)

In that case the testator gave to his wife all his real and personal estate, during her life or widowhood, and directed it to be equally divided among his eight children, " *or the heirs of their*

*bodies*," at the termination of her estate.  And it was decided that, by a proper construction of the devise, the division was to be made between the testator's children who were living at the time of the event referred to, and the heirs of the bodies of such as might then be dead.  That, as the testator had a right to control his estate up to and at the period fixed for the division, and had done so, it followed that whatever interest any of his children might, upon his death, have had in his estate under this devise, was subject to be defeated by the death of the child before the death or marriage of the testator's wife, when the existing heirs of the body of the deceased child would become absolutely entitled under the will.

Now, according to the doctrines and principles of that case, it is not important whether the survivorship in the devise under consideration in this case referred to the death of the testator, or to the time of the division of the bank stock.  In either case the heirs of any one of the devisees who might die before the period of distribution, would be entitled under the will to the share of the one who had thus died.  According to one construction, the interest would vest, subject to be divested by the death of the devisee before the time fixed for the division; according to the other, it would remain contingent until that period, and then vest in the survivors and the issue of any one of the devisees who might have previously died leaving issue.

But it is contended that there is a difference between this case and that of *Robb vs. Belt and Milam* in this respect: that in this, the expression is, " *or their heirs*," and in that case it was, " *or the heirs of their bodies*,". showing that issue alone was embraced by the latter expression.

The words used in this case would be, standing alone, more comprehensive than those which were contained in the devise which was construed in that case.  There is, however, in our opinion, sufficient in the language of the devise itself to render it certain that the testator, by the expression, " or their heirs," meant the issue of any one of the devisees who might die prior to the period of distribution.  The term heirs was wholly unnecessary, unless such is its meaning.  The surviving children

of the testator would be the heirs of any one of the children who might die before that time without issue, and as, in such a case, they would, according to our construction of the will, be entitled as survivors, the term heirs could not have been intended to be applied to them. It could, therefore, be applicable alone to the issue of any one of the devisees who might die; and, considering the connection in which it stands, it seems to us very clear that it was used for that purpose merely.

But the question with respect to the time that the survivorship is to be regarded as referring in a case like the present, is not, as it was assumed to be in the argument, an entirely open question in this court. It was considered and decided in the case of *Hughes vs. Hughes*, (12 *B. Mon.*, 115.) In that case certain property was devised to the testator's grandchildren, *when* they became of *age* or *married*, and "the property, in the event of the death of any one or more of said children, the *survivors* were to inherit." The death mentioned in the devise was held not to refer to the occurrence of that event in the lifetime of the testator, but to its occurrence at any time prior to the period when the devisees should become of age or marry. That decision is an express authority in this case, and is exactly in point. It moreover favors that construction of the will which is most consistent with and best calculated to effectuate the intention of the testator, and should, for that reason, be adopted.

The principal reason which influenced the courts to construe words of survivorship, when contained in a will, to refer to the time of the testator's death, was, that the issue of the devisee or legatee who died before the period of distribution might, by referring the survivorship to that period, be deprived of the benefit of the devise to the ancestor, which result was supposed to be inconsistent with the intention of the testator. That reason does not, however, exist in this case. Here such a result was guarded against by the testator himself by the terms of the devise. If any of his children should die, "*their heirs*," by whom he evidently meant their *issue*, were to take the share of the deceased parent. If they should die without issue, then the survivors would be entitled to it. This, in our opinion, is what was intended by the testator.

According to this construction of the will, the appellant is not entitled to the share of his deceased wife, and, therefore, the decision of the court below is correct.

Wherefore, the judgment is affirmed.