## LUCY M. CLARK *vs.* SAMUEL FOWLER.

*It seems* that a valid title to land is not acquired by the levy thereon of an execution which issued on a judgment in a suit in which no legal service of the writ was made upon the defendant, although after the rendition of the judgment he waived the want of legal service upon him; certainly not, if the evidence simply shows that, upon being informed of the judgment and levy, he made no objection, and said that he was willing the land should go to pay that debt, but does not show by whom he was so informed, or to whom he made the statement.

WRIT OF ENTRY. At the trial in the superior court, it appeared that the tenant, being a creditor of Nathaniel S. Clark, on the 10th of April 1854 sued out a writ against him, which was served by attachment of the demanded premises, which Clark then owned, and by leaving a summons "at his last and usual place of abode" in Auburn in the county of Worcester, where he had formerly lived. This writ was entered at June term 1854, a default was entered, and judgment rendered and an execution issued, upon which the premises were set off to the tenant. In fact, however, Clark had left this commonwealth in December 1852, and never since resided here; but his absence was not suggested upon the record, and no notice was ordered by the court. This judgment has never been reviewed or reversed for error. After all the above proceedings, the demandant, being a creditor, obtained an execution against said Clark, and caused the premises to be duly levied upon and sold to her upon the same.

The tenant offered to show that, shortly after obtaining his judgment, and before the demandant's attachment or levy, " said Clark came to this commonwealth, and, being informed of tenant's judgment and levy, made no objection thereto, saying that he was willing said property should go to pay that debt."

On these facts proved and offered to be proved, *Ames,* J. ruled that the demandant was entitled to recover, and a verdict was rendered accordingly, and the tenant alleged exceptions.

*G. F. Hoar*, (*A. Dadmun* with him,) for the tenant, cited

*Morrison* v. *Underwood,* 5 Cush. 52; *Orcutt* v. *Ranney,* 10 Cush. 183; *Smith* v. *Rice,* 11 Mass. 512; *Salmon* v. *Pixlee,* 2 Day 242; *Camden* v. *Edie,* 1 H. Bl. 21; Gen. Sts. c. 146, §§ 3, 4.

*P. C. Bacon,* for the demandant.

METCALF, J. The court cannot distinguish this case from that of *Downs* v. *Fuller,* 2 Met. 135, which has been repeatedly recognized and confirmed, and which is decisive of the demandant's right to recover the premises demanded in this action. Indeed, the counsel for the tenant withstand the demandant's claim solely on the alleged ground that Fisher, the former owner of the demanded premises, waived legal notice of the tenant's action against him, in which judgment was rendered and execution thereon issued, and which execution was levied on said premises — thus waiving the error in that judgment. The case of *Morrison* v. *Underwood,* 5 Cush. 52, cited in support of this ground of defence, does not support it. That case and this have no resemblance. In that case it was held that when a defendant, who has a right to a continuance of an action against him before judgment therein can legally be rendered, makes an express waiver of that right, before judgment, by giving his consent that judgment may be rendered without a continuance, he cannot maintain a writ of error to reverse that judgment for the reason that there was not a continuance before it was rendered, though such waiver was merely oral. No error was waived, for the judgment was not erroneous. The defendant waived, before judgment, a continuance, without which waiver a judgment at the return term would have been erroneous; and he thereby made the judgment valid. In the present case, the judgment against Fisher was erroneous when rendered, as is admitted by the tenant's counsel.

Assuming that when a judgment is erroneous, the error can be cured by a mere oral waiver of it by the party against whom it is rendered, so that he will be thereby barred of his right to reverse it on a writ of error — a novel doctrine, we believe — and assuming also that such a waiver, if made by Nathaniel S. Clark, would not only bar his right to maintain a writ of error, but would also deprive the demandant (who would otherwise

have a right, by plea and proof, to avoid the judgment against said Clark) of a right to maintain this action; yet the bill of exceptions shows no such waiver by said Clark as can in any way affect either his legal rights, or those of the demandant. It does not appear that said Clark, after the tenant's judgment was rendered against him, without notice to him of the pendency of the action, ever had any communication with the tenant or his attorney. It does not appear by whom he was informed of the recovery of the judgment and the levy of the execution, nor to whom he expressed his content with what had been done. It may have been to a stranger to the tenant, for aught that these exceptions show. If, in *Morrison* v. *Underwood*, the evidence had been only that Morrison, without any agreement between him and Underwood or his attorney, had been heard to say, in the country, that he did not wish for a continuance before the rendition of judgment, we do not think he would thereby have lost his right to reverse that judgment; *a fortiori* not, if he had first so made such declaration after judgment had been rendered, without notice to him that the action was pending. *Exceptions overruled.*