### THOMAS RICHARDSON *vs.* THOMAS SMITH.

If a valid attachment has been made of the property of a defendant who has never lived in Massachusetts, and he, being out of the Commonwealth, acknowledges service of the writ and waives the benefit of the statutes respecting absent defendants, judgment may be rendered and execution issued against him upon his default, in the same manner as if the writ had been duly served upon him by an officer within the Commonwealth.

Proof that an attaching creditor had heard a report that his debtor had conveyed all his property to another, who in consideration thereof was to pay his debts, and that such person, upon being called on by the creditor, did not deny his responsibility, but promised to pay the sum due to the creditor, is not sufficient to require a finding that the creditor had actual notice of an unrecorded deed from his debtor to such person.

TORT for breaking and entering the plaintiff's close, in Plymouth county. Writ dated November 24th 1863.

At the trial in the superior court, before *Putnam*, J., without a jury, no question was raised as to the venue, both parties desiring the title to be settled. [See *Way* v. *Dame, post*, 357.]

It appeared that at the time of the alleged trespass the plaintiff was in possession of the premises under a deed to him from Elisha Doane the younger, dated October 30th 1856, which was not recorded in Plymouth county till after the commencement of this action.

The defendant acted under the authority of Josiah O. Lawrence, who offered evidence to establish his title as follows :

1. An attachment by him upon a writ against Henry Doane, May 21st 1861, and a levy of execution upon the judgment obtained in the suit in November 1861. Henry Doane was an absent defendant, who never lived in Massachusetts, but lived in

New Hampshire, and after the attachment of his real estate upon the writ, he signed the following indorsement thereon : " State of New Hampshire, Belknap county, ss. Guilford, July 6, 1861. I, Henry Doane, the defendant named in the within-writ, hereby acknowledge service of the same, and waive the benefit of the statutes of Massachusetts respecting absent defendants. Henry Doane." At the return term of the writ, judgment was rendered against Doane upon his default, and the execution issued without the filing of any bond.

2. A deed of the premises from Elisha Doane to D. S. Greenough, dated January 5th 1815, and duly recorded. A deed from D. S. Greenough to Elisha Doane, dated September 23, 1823, and not recorded till during this trial. The will of Elisha Doane, senior, duly proved, devising his estate to his children ; and a partition of his real estate among them, by which the premises now in controversy were set off to his son, Henry Doane, the defendant in the suit of Lawrence above referred to.

This partition was never recorded in Plymouth County; and it appeared that there was no record title in Plymouth County in Henry Doane at any time prior to the bringing of this action.

The bill of exceptions then stated that " in order to show that Lawrence had notice of the plaintiff's title, and of an un-recorded deed of the premises from Henry Doane to Elisha Doane, under whom the plaintiff obtained his title, the plaintiff relied on the following evidence : Lawrence testified that he had heard that Henry Doane had conveyed all his property to Elisha Doane, who was to pay Henry Doane's debts, and that he went to Elisha to get his pay; that Elisha said he would pay, but never did ; and that he had heard that the plaintiff was in pos-session of the premises, but never heard that he had a deed of them. He searched the records of Plymouth County before he made the attachment, but found no record of any such deed."

The plaintiff also offered in evidence a letter to him from Lawrence, saying, " I had heard that Henry Doane had given a deed of all his real estate to his son Elisha, upon condition that Elisha should pay all his debts. I called upon Elisha, who did

not refuse or deny his responsibility, but delayed, and died without paying. I therefore examined the records of Plymouth County to ascertain the owner, and could find no evidence of title under conveyance from Henry Doane. I therefore, after taking legal advice, attached the estate as Henry Doane's."

The judge ruled that these facts did not prove notice of any title in the plaintiff, or of a deed from Henry Doane, and found as a fact that the defendant had no such notice, and on the whole case found for the defendant. The plaintiff alleged exceptions.

*E. Avery,* ( *G. M. Hobbs* with him,) for the plaintiff.

*W. S. Leland,* for the defendant.

DEWEY, J. 1. In answer to the title set up by the defendant under the levy of an execution upon a judgment obtained by Josiah O. Lawrence against Henry Doane, we think the plaintiff may show that such judgment was invalid against the debtor the plaintiff being neither party nor privy to it, and not authorized to bring a writ of error. *Downs* v. *Fuller,* 2 Met. 135. *Leonard* v. *Bryant,* 11 Met. 370.

This the plaintiff attempts to do by the record of the proceedings in that case. It is admitted that Henry Doane, the defendant in that action, was an inhabitant of New Hampshire at the time of the service of the writ, and that he had never resided in Massachusetts. It appears that certain real estate of said Henry Doane, situated in the county of Plymouth, was duly attached by the plaintiff in that action. It further appears by the record that a default of Doane was entered at the return term, and thereupon a judgment was entered, and an execution issued.

The ground for setting aside this judgment is, that there was no continuance of the action, and no legal notice given to Doane, as required by Gen. Sts. *c.* 126, § 6.

An effectual attachment of his estate was made on the original writ, and that was sufficient to give jurisdiction of the case to the court. Gen. Sts. *c.* 126, § 1. The difficulty, if any exists, is not, therefore, as to the original jurisdiction, but whether the party took the necessary subsequent steps to authorize taking a judgment against Doane.

As already stated, there was no continuance, and no notice by publication in the newspapers or in any other mode, under an order by the court. The question of the validity of the judgment depends upon the effect to be given to a certain writing indorsed on the original writ, signed by the defendant in the action, purporting to be an acknowledgment of service of the same, and waiving the benefit of our statute respecting absent defendants. No suggestion is made that this is not the genuine signature of Doane, or that the same was not indorsed on the writ understandingly, and for the purposes therein expressed.

That a service of process by an officer of Massachusetts made in another state upon a party residing there, by giving him a copy of the writ or summons, would be of no effect, and would not authorize a judgment, is well settled. *Arnold* v. *Tourtellot*, 13 Pick. 172. We must assume, therefore, that no acts of the officer without his jurisdiction are to be taken to be a service of the writ, or deemed to be a notice to the party of a pending suit.

But the question then arises, may not the defendant in such action, after an effectual attachment of property has been made here, by indorsement on the writ waive a continuance of the action and an order of the court for notice under the statute ?

The case of *Morrison* v. *Underwood*, 5 Cush. 52, has gone very far to settle this case, and to sustain the doctrine that the statute provisions as to giving notice to absent defendants may be waived by a defendant. That was a case of jurisdiction obtained by the fact that the party had at a former period lived in Massachusetts, and in such case a service may be made in the first instance by leaving a summons at the last and usual place of abode of the defendant, which gives the court jurisdiction but requires a continuance of the action, and a further notice in such form as the court shall direct. No such order and notice having been given, and the party having been defaulted, he sought to set aside the judgment. But upon oral evidence of his having had actual notice of the suit, and of its entry upon the docket, and upon its further appearing that the defendant thereupon stated that it was all correct, and that the plaintiff

might take judgment, he was not allowed to set it aside on a writ of error, the court holding that the statute "provisions for giving an absent defendant actual notice where the service is such as to hold the defendant amenable, and to give the court jurisdiction of the case and the parties, are provisions for the security and benefit of the defendant, and may be waived by him : *Consensus tollit errorem.*"

The case now under consideration differs from *Morrison* v. *Underwood* in this, that this suit was against one who has never resided in this commonwealth. But the original service by attachment was equally effective to give the court jurisdiction. Gen. Sts. *c.* 126, § 1. The statute requisition as to continuance and order of notice by the court are equally applicable to both cases. The single question is, as to the sufficiency and competency of the evidence to show an effectual waiver of further notice. In the case of *Morrison* v. *Underwood* there was nothing on the record. It was only a case where actual notice was shown, and a verbal statement of the party "that it was all right, and the plaintiff might take judgment." In the present case, a most explicit waiver, formally drawn up and signed by the party, is indorsed on the writ. If any written statement can have the effect to estop an absent defendant from avoiding a judgment for want of notice under our statute, the present must be held to have that effect. If the defendant Doane could not sustain a writ of error to reverse the judgment for want of notice, neither can the present plaintiff avoid the same for that cause, upon plea and proof.

This case differs from those where parties have attempted by mutual consent to confer jurisdiction upon the court, where otherwise it had none. The jurisdiction did attach here by the attachment of property of the absent defendant found within this commonwealth. The indorsement upon the writ under the hand of the defendant only waived further notice of the pendency of a suit well instituted and authorized by our laws.

We do not mean to say that it may not be discretionary with the court in which such action is pending, whether they will omit the usual order for continuance and notice, and accept as

a substitute such acknowledgment of service. They may not be satisfied with the genuineness of the signature, or that the same was made understandingly. But however this may be, when such an indorsement is shown to have been duly made, and intended to operate as a waiver of all errors as to notice, and a judgment has been entered against the party, it may be properly treated as a valid waiver, if there is an attempt to invalidate the judgment.

The want of a bond required by the statute was also here waived by the waiver of the benefit of the statutes respecting absent defendants. Whether this objection could in any case be made a ground of objection to the validity of the execution, by a person not party or privy to the judgment, it is unnecessary to decide.

2. Upon the other point raised, that the attaching creditor had actual notice of the unrecorded deed from Henry Doane to Elisha Doane, the judge of the superior court properly ruled that the facts offered in evidence did not prove actual notice of such deed, and further found as a fact that Lawrence had no such notice. This fully disposes of that question.

*Exceptions overruled.*