## GILBERT F. REEDER *vs.* HENRY HOLCOMB.

On an issue whether a person who has left the state has changed his residence, he may testify as to his intent and his declarations of intent on leaving the state.

If a defendant is actually in the Commonwealth at the time of service of process, although his permanent residence is elsewhere, he is not entitled, under the Gen. Sts. c. 123, § 28, to further notice.

A deposition is admissible in evidence, although certified to be the deposition of John Grotecloss while the deponent calls himself John H. Grotecloss and signs it by that name.

WRIT OF ENTRY to recover a messuage in Westfield formerly owned and occupied by Julia A. Hawkins, under whom the tenant claimed title. Writ dated June 29, 1868.

At the trial in the superior court, *Devens,* J., instructed the jury to find for the tenant, in event that they should be satisfied that Hawkins " was not a resident of Westfield on February 26,

1867; " and they returned a special verdict for the tenant accordingly. The demandant alleged exceptions, the material parts of which are stated in the opinion.

*M. B. Whitney,* ( *W. G. Bates* with him,) for the demandant.

*G. M. Stearns,* (*M. P. Knowlton* with him,) for the tenant.

CHAPMAN, C. J. The tenant claims title to the demanded premises under a deed from Julia A. Hawkins, dated December 10, 1866. The demandant contends that this conveyance was made in fraud of the creditors of the grantor, of whom he was one ; that he brought an action against her for a debt due to him, in which he recovered judgment and execution, and levied his execution upon the demanded premises. His writ was served February 25, 1867, by attachment of the property and leaving a summons at her last and usual place of abode in Westfield. She was unmarried, and had lived in the place two or three years prior to September 1866, so that she had a last and usual place of abode at which a summons might be left, even though she might have removed from the state before the time of service. *Morrison* v. *Underwood,* 5 Cush. 52. The judgment was rendered against her upon that service, without any further notice to her as an absent defendant, and for that reason the tenant contends that the judgment was invalid. It is agreed that her domicil and residence were in Westfield till September 1866. There was evidence tending to show that she then left the place and 'has never since lived there. She went to New York, where she opened a shop. She boarded and kept house there till she failed in business, about January 1, 1867, and afterwards continued to board there. She was permitted to testify as to her intent when she left Westfield, and her declaration of that intent, and stated that she said she was going to New York to open a shop and intended to live there. This evidence was objected to. But both her intent, and her declaration of that intent, accompanying the act of removal, were competent. *Fisk* v. *Chester,* 8 Gray, 506. *Thorndike* v. *Boston,* 1 Met. 242. *Kilburn* v. *Bennett,* 3 Met. 199.

It is provided by the Gen. Sts. *c.* 123, § 28, that in all cases when the defendant is out of the state, or his place of residence

is not known to the officer serving the writ, and no personal service is made on him, he shall be entitled to further notice as provided in chapter 126.   The latter chapter, § 6, provides for the continuance of the action, and further notice of its pendency; and the subsequent sections provide for giving bond before taking execution on the judgment rendered.   These provisions are substantially the same with those of the Rev. Sts. *c.* 90, §§ 45, 48. If the writ has not been served in this case and notice given in conformity with these provisions, the tenant may avoid the judgment by plea and proof.   *Leonard* v. *Bryant*, 11 Met. 370.   But the burden was on the tenant to prove that Julia A. Hawkins was out of the state at the time of the service of the writ.

There were circumstances in evidence which tended to prove that her residence was in New York, and the jury were instructed, if they should find that she was not a resident of Westfield on February 26, 1867, to find a verdict for the defendant; and they rendered a verdict for him on this ground.   We understand the word " resident " in this instruction to apply to her domicil, or at least to the place of her permanent residence, and not to the place where she might be staying as a temporary visitor. And thus the jury were in effect instructed, that although she might not have been out of the state when the writ was served, but in the place where her last and usual place of abode in the state was, and where her mother lived and a part of her own furniture remained, and there received the summons soon after it was left, yet she was, in contemplation of the statute, out of the state, and entitled to further notice.   But the decisions tend to show that, to entitle her to further notice, she must have been in fact out of the state.   In *Downs* v. *Fuller*, 2 Met. 135, the defendant had absconded and remained absent, though his domicil and family were here.   *Johnson* v. *Thaxter*, 12 Gray, 198, was a similar case.   The defendant's domicil and family were here, but he was absent and did not return or know of the suit till after judgment.   In *Thayer* v. *Tyler*, 10 Gray, 164, 168, Dewey, J., says the provisions of the statute seem to apply to all persons out of the state at the time of the service of the summons.   So that domicil or permanent residence is not the point on which the question

turns, but actually being in or out of the state. Even if she were out of the state, there might be circumstances, such as actual notice or waiver of notice, that would render the judgment valid. *Morrison* v. *Underwood*, 5 Cush. 52. We think the instruction given to the jury was erroneous.

As to the question raised concerning the deposition of Grotecloss it is certified to be the deposition of John Grotecloss; and the fact that he calls himself John H. Grotecloss, and signs the deposition by that name, does not prove that he is not the same person to whom the interrogatories are addressed. We think it was admissible. *Exceptions sustained.*