JOHN STIMPSON *vs.* INHABITANTS OF MALDEN.

If the assignee of a claim against a town makes out a bill therefor in his own name, and it is approved by the proper authorities of the town, he can maintain a suit to recover the amount thereof against the town, although the town clerk has drawn an order upon the town treasurer for his payment and he has never demanded it from the clerk, if the clerk has told him that he delivered it to another person, to whom it has been paid.

To an action against a town for money due, it is no defence that the town was summoned as trustee of A. B., under whom the plaintiff in the present action claimed, on a writ returnable before a justice of the peace in less than thirty days after its date; that neither A. B. nor the town appeared; that both were defaulted; and that execution was issued upon which the town paid the amount now claimed by the plaintiff.

CONTRACT. Writ dated May 6, 1870. The declaration alleged that the defendants owed $50 to Lewis B. Wilkinson 'as engineer of their steam fire engine ; that Wilkinson assigned the claim to the plaintiff; and that the defendants approved the claim and promised to pay the plaintiff the amount thereof, but afterwards refused so to do.

At the trial in the superior court, before *Putnam,* J., without a jury, it appeared that the defendants did owe $50 to Wilkinson for services for three months ending February 1, 1870 ; that he assigned the claim to the plaintiff ; that the assignment was recorded, and the defendants were notified thereof ; that the plaintiff made out a bill for the $50 as due to himself from the defendants, for the services of Wilkinson ; that the engineers and selectmen of the defendants, who were the proper officers to ap prove the bill, approved it in writing, the former on January 27, the latter on February 8 ; and that thereupon the clerk of the defendants drew an order upon their treasurer for the payment of the amount to the plaintiff, which was the usual course of making payments by the defendants.

It further appeared that on January 26, 1870, Charles H. Rhoades sued out a writ, returnable before a justice of the peace on February 9, 1870, against Wilkinson, in which the defendants were summoned as trustees ; that neither Wilkinson nor the defendants appeared in the suit, whereupon they were defaulted and an execution issued against Wilkinson and the trustees ; that

William H. Cromack, a constable in whose hands the execution had been placed, called with it upon the clerk of the defendants on February 15, took from him the above mentioned order, and received from the treasurer of the defendants the amount thereof; that the plaintiff was told by the clerk that the order had been given to Cromack; and that the plaintiff made no demand on the clerk for the order before beginning this suit.

On these facts the judge ruled that the plaintiff was entitled to recover, and the defendants alleged exceptions.

*W. G. Sprague,* for the defendants.

*W. S. Stearns,* for the plaintiff.

CHÁPMAN, C. J. By the finding of the judge, it appears that there was due to Wilkinson from the defendants, for services for three months ending February 1, 1870, the sum of $50; that this claim was assigned to the plaintiff, and the assignment was recorded, and notice thereof given to the defendants; and that a bill was made out by the plaintiff and presented to the proper officers of the town, who duly approved the same. The certificate of approval by the engineers bears date January 27, and that of the selectmen February 8. This approval authorized the finding that the defendants were liable to the plaintiff to pay him in their usual way by an order drawn by the town clerk upon the treasurer. The assent of the clerk or of the treasurer was not necessary in order to complete the contract of the town with the plaintiff. They were not the officers intrusted with the making of contracts to pay, but their business was to make payments. The clerk drew an order on the treasurer, and, when the plaintiff called upon him, should have delivered the order to him. When he informed the plaintiff that he had delivered the order to Cromack, to whom it had been paid, the plaintiff was under no necessity to make a demand for it which would have been fruitless, but was entitled to his action forthwith.

The payment to Cromack was unauthorized; for although the writ of Rhoades against Wilkinson was dated January 26, yet it was made returnable before a justice of the peace on February 9, a period of less than thirty days from its date. The service therefore was insufficient to give the magistrate jurisdiction of the de-

fendants. Gen. Sts. *c.* 123, § 22. It was open to the plaintiff to take advantage of this defect. *Downs* v. *Fuller*, 2 Met. 135. *Leonard* v. *Bryant*, 11 Met. 370. *Exceptions overruled.*