CITY OF FALL RIVER *vs.* JOHN C. RILEY & others.

Bristol.    Oct. 27, 1885. — Jan. 9, 1886.    FIELD & C. ALLEN, JJ., absent.

In an action against the sureties upon a constable's bond, they may impeach the validity of the judgment against their principal, by showing that there was no jurisdiction in the court rendering the judgment, by reason of want of legal service upon him of the writ in the original action.

The return of an officer who served the writ in an action stated that the officer, "being unable to find the defendant at his last and usual place of abode," summoned him to appear and answer by leaving with one M., "agent of said defendant, a summons of this writ, and he accepted the same as said agent." *Held*, that the return did not show a valid service upon the defendant.

The extended record of a court, which shows that there was no appearance of the defendant, or of any attorney for him, in an action, cannot be controlled by a docket entry of the clerk of the court, showing such appearance.

CONTRACT, for the benefit of M. B. Slocum, for the breach of a bond executed by the defendant Riley as principal, and by the other defendants as sureties, and conditioned for the faithful performance by Riley of his duties, as a constable of the city of Fall River, in the service of all civil processes committed to him. After the former decision, reported 138 Mass. 336, the case was tried in the Superior Court, before *Staples*, J., who directed a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. M. Wood*, for the plaintiff.

*H. K. Braley*, for the defendants.

DEVENS, J.    When this case was last before us, it was not in controversy that the judgment obtained against the defendant Riley by Slocum, for negligence in suffering an escape of one Maynard, who had been arrested at the suit of Slocum, was a valid judgment.    The inquiry was whether, before bringing an action upon the bond of Riley as constable, an execution against him having been returned unsatisfied, a demand should have been made upon him, and whether, if so, there were circumstances which would excuse such a demand.    *Fall River* v. *Riley*, 138 Mass. 336.    At the subsequent trial, the defendants, who are the sureties on the bond, having been allowed to file an additional answer, sought to impeach the judgment against Riley by proof that, by reason of a want of legal service of the writ,

he had no legal notice of the action, and the court rendering judgment had thus no jurisdiction of the case. How far sureties are bound by a judgment against their principal has been much discussed. In the absence of any proof of fraud or collusion in obtaining the judgment, there would be much reason in maintaining that a judgment regularly rendered against a principal would be conclusive evidence against the sureties, even if their obligation would be incidentally affected thereby. *Tracy* v. *Goodwin*, 5 Allen, 409. *Wood* v. *Mann*, 125 Mass. 319. But we have no occasion now to consider this.

It is a different inquiry whether sureties may attack collaterally a judgment rendered against their principal by plea, and upon proof, that the court rendering it had no jurisdiction of the case. The party to such a judgment certainly can avoid it only by review, or by a writ of error. *Hendrick* v. *Whittemore*, 105 Mass. 23. The surety on a bond, who may, by his contract, be responsible for the amount of such a judgment, is not a party to the original suit, nor privy thereto, and cannot, by the rules of law, review or reverse it. He may therefore impeach it in a suit against himself, and, without reversing it, show that it was invalid for want of jurisdiction over the defendant. *Downs* v. *Fuller*, 2 Met. 135. *Laflin* v. *Field*, 6 Met. 287. *Vose* v. *Morton*, 4 Cush. 27, 31. *Leonard* v. *Bryant*, 11 Met. 370, 373. *Stimpson* v. *Malden*, 109 Mass. 313.

The officer's return does not, in the case at bar, show a valid service on Riley such as would give jurisdiction to the court.*
It is only when the summons cannot be served personally on the defendant, and when he has no last and usual place of abode known to the officer, that service may be made upon the tenant, or agent, or attorney, of the defendant. The return not only fails to disclose that he had no such place of abode, but it is to be inferred therefrom that he had, although he was not then found therein. Pub. Sts. *c.* 161, § 31. This does not appear to be sufficient in order to authorize service on an agent or attorney. But, even if it were, and if it could be held that the return was

---

* The return stated that the officer, " being unable to find the defendant at his last and usual place of abode," summoned him to appear and answer by leaving with one McGrath, " agent of said defendant, a summons of this writ, and he accepted the same as said agent."

sufficient in form, the finding of the jury, that the person upon whom the only service was made which is relied upon was not the agent or attorney, of the defendant Riley, shows that there was no legal service of the writ, and thus that the court rendering judgment had no jurisdiction of the case.

The plaintiff further seeks to show the jurisdiction of the court by proof of the appearance of Riley according to a docket entry of the clerk; but the extended record of the district court fails to show such an appearance, or that of any attorney on his behalf, and asserts that he did not appear. This could not be controlled by any evidence, from the clerk, of the docket entries. *Mc Grath* v. *Seagrave*, 2 Allen, 443. *Noyes* v. *Newmarch*, 1 Allen, 51.                                    *Exceptions overruled.*

