CHESHIRE NATIONAL BANK *vs.* CHARLES W. JAYNES &
trustees.

Suffolk.    November 21, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Trustee Process*, Against executor or administrator.    *Executor and Administrator.*
*Equity Jurisdiction*, To reach and apply equitable assets.

Where a testator by his will gave to his son the sum of $50,000 "to be paid to him
in cash or securities at the market value thereof as he may elect without interest
within one year from the final probate and allowance of my will," and, on the
day after the will was proved and before the son made any election as to whether
he would take cash or securities, there was served upon the executors of the will
a writ of trustee process in an action of contract by a creditor against the son in
which subsequently the plaintiff obtained a verdict amounting to $14,263, the
attachment under R. L. c. 189, § 20, became an effectual lien and held the son's
interest in the property that might eventually come into the hands of the execu-
tors for the payment of the legacy and it could not be affected by any subse-
quent election made by the son.
*Whether*, if the son had made an election to take securities instead of cash, the cred-
itor could have reached the property by a bill in equity against the son and the
executors to reach and apply the securities in payment of the debt, was not
considered.
In an action by trustee process under R. L. c. 189, § 20, by a creditor against a
legatee under a will and the executor of the will as an alleged trustee, it was
*held* to be proper, by reason of the provision of § 56 of the statute giving to a
judgment creditor a special remedy for an enforcement of a judgment against
the executor as trustee by a suit upon his bond, and because the legatee received
under the will a sum much in excess of the debt, to order the executor charged in a
specified amount instead of following the ordinary method of charging the trus-
tee generally and leaving the amount of his liability to be ascertained on *scire
facias.*

CONTRACT upon a promissory note.    Writ dated November 5,
1912.

In the Superior Court, after a verdict for the plaintiff, the
defendant, a non-resident, alleged exceptions to rulings of the
trial judge upon the effect of a special appearance entered by him
and upon the scope of a judgment to be entered on the ver-
dict.    The decision sustaining these exceptions is reported in 224
Mass. 14.

After the rescript then issued, an order charging the trustees

generally was vacated at the request of the plaintiff, and, after the trustees had been interrogated, they were charged, on motion of the plaintiff and by order of *Morton,* J., in the specified sum of $14,263.23, various rulings requested by the trustees relating to the subject matter described in the opinion having been refused by the judge. The trustees alleged exceptions and also filed a statement of an appeal.

*J. G. Palfrey,* (*F. S. Moulton* with him,) for the trustees.

*R. E. Buffum,* (*J. E. Benton* of New Hampshire with him,) for the plaintiff.

DE COURCY, J. As against the principal defendant, Charles W. Jaynes, there was a trial on the merits and a finding for the plaintiff in the sum of $14,263.23. The defendant was a beneficiary under the will of his father, Charles P. Jaynes, one of the legacies being as follows: "also I give him my said son the sum of fifty thousand dollars to be paid to him in cash or securities at the market value thereof as he may elect without interest within one year from the final probate and allowance of my will." The executors were duly appointed and qualified in Middlesex County on November 4, 1912. This trustee writ was served on them as trustees on the following day, November 5, 1912. After the rescript in May, 1916 (see *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14), the action against the principal defendant was continued for judgment. Later the court granted the plaintiff's motion to charge the trustees upon their answers and the answers to the plaintiff's interrogatories and supplemental interrogatories, for a sum certain, namely, the sum of $14,263.23 and interest from February 10, 1914, the date of the finding, and costs. As the judge based his action on a ruling that the alleged trustees were chargeable by reason of the $50,000 bequest, above recited, we need consider only the exceptions to the ruling and refusals to rule relating to that legacy.

The statute under which the plaintiff proceeded is as follows: "Debts, legacies, goods, effects or credits due from or in the hands of an executor or administrator as such may be attached in his hands by the trustee process." R. L. c. 189, § 20. It is substantially a reënactment of Rev. Sts. c. 109, § 62. See Report of Commissioners to revise the General Statutes, c. 109, note. Before the enactment of the earlier statute an executor could not be

charged as the trustee of one to whom a pecuniary legacy was bequeathed. As executors and administrators derive their authority over property from the law, their possession is the possession of the law, and they were not considered "debtors" of any persons who might be entitled to the funds so held. *Barnes* v. *Treat,* 7 Mass. 271. *Brooks* v. *Cook,* 8 Mass. 246. When the Legislature undertook to provide means for reaching the interest of a legatee for the payment of his debts, it made use of the existing trustee process. Where no special provision was made, presumably it was intended that this new application of the process should in the main be governed by the general principles and limitations existing in ordinary trustee process, especially when the property sought was "goods, effects or credits" due from or in the hands of the executor or administrator. Nevertheless it was early decided that the right of a legatee to a legacy (*Holbrook* v. *Waters,* 19 Pick. 354), and the interest of an heir in a distributive share of an intestate estate (*Wheeler* v. *Bowen,* 20 Pick. 563), were subject to be attached on trustee process before it was ascertained that there would be sufficient assets to pay the same notwithstanding the general provision of the trustee statute that no person should be adjudged a trustee "by reason of any money or other thing due from him to the principal defendant, unless it is, at the time of the service of the writ on him, due absolutely and without depending on any contingency." Rev. Sts. c. 109, § 30. R. L. c. 189, § 31. And it is to be noted that by § 56 a special remedy was provided for the enforcement of a judgment against the executor or administrator as trustee, by a suggestion of waste or a suit on the administration bond.

In the case at bar, however, we do not find it necessary to deal with the considerations urged in the able argument of counsel for the alleged trustees, and to determine to what extent trustee process against executors is subject to the same principles and limitations applicable to trustee process generally, or to decide whether it can operate only "upon a specific bequest of attachable property or upon legacies or distributive shares which are payable in money or other attachable property upon which the officer can levy execution." The legacy under consideration was a general legacy. The principal debtor was entitled to $50,000. The option to choose cash or "securities at the market value

thereof," given to him and to some of the other legatees, was his right and not that of the executors. He had not elected to take securities when the trustee process was served on them. The lien then took effect, and held the defendant's interest in the property that might eventually come into the hands of the executors for the payment of the legacy in question. *Mechanics' Savings Bank* v. *Waite*, 150 Mass. 234. The rights secured by the attachment cannot be defeated or affected by a subsequent election made by the debtor, to whose rights the plaintiff had succeeded. See *Hoar* v. *Marshall*, 2 Gray, 251, 254.

Whether the plaintiff could have reached the legacy by a bill to reach and apply, if brought after an election by the debtor to take securities instead of cash, need not now be considered. See *Ricketson* v. *Merrill*, 148 Mass. 76; *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360; St. 1910, c. 531; c. 171, § 13.

Finally, the Superior Court was not in error in charging the trustees with a sum certain. Ordinarily it is not necessary to specify in the judgment the amount for which a trustee is chargeable, R. L. c. 189, § 39; and it may be left to be ascertained on *scire facias*. See *Jarvis* v. *Mitchell*, 99 Mass. 530. But here the trustees were executors, the legacy in question was much larger than the plaintiff's claim; and if the plaintiff should be obliged to sue on the administration bond because of the failure of the trustees to pay the judgment, it must have judgment for a sum certain. R. L. c. 189, § 56. *Cunningham* v. *Hogan*, 136 Mass. 407.

It follows from what has been said that the entry must be

<div align="right">

*Exceptions overruled.*
*Appeal dismissed.*