Pettingell, J.
Scire facias against co-executors, adjudged trustees in an action by trustee process against one Arthur J. Flood, defendant, who was a legatee in the will of the testator of the alleged trustees. One alleged trustee, Joseph A. Curnane, in his answer, had set out that he and his co-executor jointly held the amount of the legacy, subject to a purported prior attachment in an earlier action against Flood, and that he was in doubt as to the validity of the prior attachment as he, Joseph A. Curnane, had not been served with process in that action. The other alleged *44 trastee, the co-executor, Daniel B. Curnane, in his answer, had set forth that the executors held the legacy, and that the amount so held had been trusteed in the prior action against Flood, and that execution had issued in that action.
In the second action, upon which the scire facias is based, the defendant Flood was defaulted and the plaintiff moved to charge the trustees! The motion was allowed and the trustees were charged generally. Daniel B. Curnane, the trustee, and Mary P. Kelly, plaintiff in the first action, admitted in this action as an adverse claimant, are the appellants.
In the first action against Flood, service of the writ was made on Daniel B. Curnane, but not upon his co-executor, Joseph A. Curnane. Daniel B. Curnane was defaulted, but after a finding for the plaintiff, Daniel B. Curnane filed a motion to remove the default, which was allowed. Daniel B. Curnane then authorized an attorney to appear and answer for both executors. The other executor, Joseph A. Ournane, did not join in this authorization. The attorney, thus authorized by one executor, only, answered that the trustees had the amount of the legacy in their possession and assented to the allowance of the plaintiff’s motion to charge the trustees on their answer. The executors were charged specially in the amount of $500 and execution issued, June 26, 1937.
The issues before us arise from the admission of evidence over the objection of the appellants, the denial of various, rulings requested by each appellant, the allowance of rulings requested by the plaintiff,, and various rulings made by the trial judge. The issues thus presented may be stated as follows:
(1) Can the plaintiff in the later action impeach the judgment recovered by Mary P. Kelley in the .first action?
(2) Was there prejudicial error in the admission of the-evidence objected to by the appellants'?
*45 (3) Is scire facias a proper proceeding to charge an executor as trustee on the ground of a legacy to the principal defendant?
(4) Is Mary P. Kelley, properly before the court as an adverse claimant?
Mary P. Kelley claims to have been aggrieved, also, because, at the hearing .on the scire facias, she filed a plea in abatement, which the trial judge heard, but upon which he made no decision until after he had heard the case fully on its merits. Mary P. Kelley objected to this procedure before the case was heard on its merits, but claimed no report at any time and no request for a ruling raises this issue. We, therefore, treat as waived any claim of error which this appellant may have had because of the trial judge’s proceeding with the hearing on the merits before he had ruled on the plea in abatement. Simonds v. Parker, 1 Met. 508, at 512; Commonwealth v. Stowell, 9 Met. 572, at 577; Crosby v. Blanchard, 7 Allen 385; at 387; Harrington v. Boston Elevated Railway, 229 Mass. 421, at 434; Murray v. Liebmann, 231 Mass. 7, at 9, 10; Hallett v. Jordan Marsh Co., 240 Mass. 110, at 112, 113.
As to the right of the plaintiff in this action to impeach the judgment secured by the adverse claimant, Mary P. Kelley, it appears that the writ in her action was dated April 12, 1937, and was returnable, May 15, 1937. This is in contravention of G. L. (Ter. Ed.) C. 246, §7, which requires that trustee writs issued by a district court (this was such a writ) “shall be returnable not more than thirty days after the date thereof.” Our attention has been called to no case which passes upon the effect of a violation of this requirement, but it has been held that a writ drawn in violation of Gr. L. (Ter. Ed.) C. 223, §28, requiring writs against. a municipality to be served thirty days before the return day, conferred no jurisdiction; Stimpson v. Malden, 109 Mass. 313, at 314; see also, Harris v. Doherty, 119 Mass. 142, *46 at 143. We are of opinion that a writ, such as the one here, running more than the number of days set by the statute, confers no jurisdiction upon the court; also, that under these circumstances, jurisdiction cannot be conferred by appearance and answer. Want of jurisdiction of the subject matter cannot be conferred by consent and cannot be waived. Loomis v. Wadhams, 8 Gray 557, at 561; Fourth National Bank v. Mead, 214 Mass. 549, at 550, 551; Sturman v. McCarthy, 232 Mass. 44, at 48; Eaton v. Eaton, 233 Mass. 351. at 364; Holt v. Holt, 253 Mass. 411, at 414; Hersey v. Hersey, 271 Mass. 545, at 548.
Oases cited by the appellants, having to do with the late-entry of wrrits are not analogous and have no bearing on this issue. In such cases the writs were good writs, but were entered late, and a general appearance cured the defect of late entry. In the case under consideration, the writ was; never a good writ, because of its violation of the statute, and it could not be made good by appearance, answer or consent. Moreover, it was such a defect that, if the District Court had not recognized it and given it consideration, it would have been the duty of this tribunal to take notice of it on our own motion. Hey v. Prince, 197 Mass. 474, at 475; Fourth National Bank v. Mead, 214 Mass. 549, at 550, 551; Eaton v. Eaton, 233 Mass. 351, at 364; Paige v. Sinclair, 237 Mass. 482, at 483; Lonergan v. American Railway Express Co., 253 Mass. 30, at 40; Holt v. Holt, 253 Mass. 411, at 414; Moll v. Wakefield, 274 Mass. 505, at 507.
The court not having jurisdiction of the first action, its-, judgment was open to attack by the plaintiff in this action.. One who is not a party or privy to a void judgment may impeach it by plea and proof. Downes v. Fuller, 2 Met. 135, at. 138; Habie v. Evans, 222 Mass. 480, at 483; see also, Laflin v. Field, 6 Met. 287, at 389; Leonard v. Bryant, 11 Met. 370, at 373; Vose v. Morton, 4 Cush. 27, at 31; Johnson v. *47 Thaxter, 7 Gray 242; Wheeler v. Aldrich, 13 Gray 51, at 52; Richardson v. Smith, 11 Allen 134, at 136; Inman v. Mead, 97 Mass. 310, at 314; City of Salem v. Eastern Railroad, 98 Mass. 431, at 447; Tarbell v. Jewett, 129 Mass. 457, at 459; Brigham v. Fayerweather, 140 Mass. 411, at 414; City of Fall River v. Riley, 140 Mass. 488, at 489; Safford v. Weare, 142 Mass. 231, at 232.
In Stimpson v. Malden, 109 Mass. 313, cited above, the plaintiff was allowed to attack and impeach, for want of jurisdiction, the judgment rendered in an earlier action.
As the judgment in the earlier action was defective for want of jurisdiction and could be impeached successfully by this plaintiff on that ground, it is not necessary for us to consider whether the judgment charging the trustees could be impeached for the further reason that service was made on one trustee only.
Our decision as to the status of the earlier judgment makes it unnecessary, also, to consider whether or not the appellants were prejudiced by the admission of evidence regarding the service upon the trustees of the execution in the first action. If the earlier judgment has no validity, and no priority in this action, evidence regarding the execution issued on it, and the demands made upon the same, cannot harm the appellants. The decision of the trial judge that the first judgment was invalid was right, regardless of the reason stated as the ground for his decision.
Regarding the admission of the allegation of fact offered by the plaintiff, we see no error. Such allegations are admissible under G. L. (Ter. Ed.) C. 189, Section 16, see Garratt-Ford Co. v. Brennan, 232 Mass. 493, at 498, and are confined by the statute to facts not stated or denied by the trustee. In the present case the facts alleged had to do with the demand made on the execution in the first action. The judge having ruled rightly that the writ in that action was *48 defective, and that the action failed, the appellants were not harmed by the reception of the allegation of fact.
We see no prejudicial error in the admission of the interrogatories and the answers to the same, if that issue is open to the appellants. It does not appear anywhere in the report that anything more was done by the appellants than to object to the admission of these items. It is nowhere stated that a claim of report was made following the objection. In any event, however, the questions and answers objected to dealt with the execution in the earlier action, and as we have pointed out, that judgment being of no binding effect upon this plaintiff, the appellants were not harmed by the admissions of this evidence.
The next contention raised by the appellants is that scire facias does not lie against executors who are charged because of possession of a legacy due the principal defendant. This same contention appears to have been raised in Cheshire National Bank v. Jaynes, 225 Mass. 432, at 434, and was there discussed as was, also, the “special remedy” against executors provided by G. L. (Ter. Ed.) C. 246, §56, which the appellants here claim is exclusive. In that case, however, the court points out that even in the early days executors could be charged as trustees because of legacies, and administrators because of distributive shares, even before it was ascertained that there would be sufficient assets to pay the same. If the appellants are right in their contention one wonders what is going to happen where there is a legacy due from a partially insolvent estate making necessary a pro rata distribution among legatees, if scire facias does not lie and the executor is hostile. No relief lies under Section 56 until “after final judgment against an executor * # * for a sum certain”.
In Cheshire National Bank v. Jaynes, supra, the court charged the trustee with a sum certain, thus making it pos *49 sible for the plaintiff to proceed under Section 56. If, however, the trustee fails to answer, is defaulted, and is charged generally, how, without the use of scire facias is there ever to be any determining of the amount of his liability or any compelling him to pay.
The appellant’s argument is based on the theory that legacies, having been decided early not to be debts or goods, effects or credits, are subject to trustee process only because of a particular statute, and that, still retaining their status of not being debts, goods, effects or credits, they are not subject to those sections of Chapter 246, which provide remedies for the failure by a trustee to pay over the goods, effects or credits in his hands.
G. L. (Ter. Ed.) C. 246, §45, which permits scire facias does not so limit its application; In terms it applies to any trustee. It reads “If a person adjudged a trustee does not, upon demand, pay over to the officer goods, effects or credits sufficient to satisfy the execution” scire facias will lie. It does not specify what the trustee is charged with holding, but applies to every one who is adjudged a trustee, for any reason. Instead of accepting the appellant’s contention it seems much simpler and more logical to follow the reasoning in Cheshire National Bank v. Jaynes, supra, at page 434, “When the legislature undertook to provide means for reaching the interest of a legatee for the payment of his debts, it made use of the existing trustee process. Where no special provision was made, presumably it was intended that this new application of the process should in the main be governed by the general principles and limitations existing in ordinary trustee process, especially when the property sought was ‘goods, effects or credits’ due from or in the hands of the executor or administrator”. See also the language of Mr. Justice Lummus in Mosher v. Mosher, Mass. Adv. Sh. (1936) 61, at 64, which reads as if he did not *50 consider scire facias and the application of Section 56 as inconsistent and mutually exclusive remedies.
We are of opinion that scire facias applies to executors who have been charged as trustees because of legacies due the principal defendant.
G. L. (Ter. Ed.) C. 246, §33, provides that any person claiming “by assignment from the defendant or otherwise” may be summoned in as an adverse claimant. Formerly it was believed that the only one who could be an adverse claimant was one who claimed by assignment from the principal defendant, but it is now recognized that a claimant may be admitted as a party even if his title is not so derived. S. S. Pierce Co. v. Fiske, 237 Mass. 39, at 42. ‘ ‘ Privity, between the trustee and the claimant is not a necessary element in such proceedings. A claimant may assert either legal or equitable rights to goods, effects or credits in the hands and possession of a trustee * * * If the claimants were in fact the true owners of the entire fund, they could recover the balance which was in the bank on the day of attachment * * * The title to the fund in the possession of the hank need not be based on an assignment of that fund”. Levin v. Lerner, 290 Mass. 294, at 298. The claimant may show a title adverse to, or superior to, that of the* defendant. Sheehan v. Marston, 132 Mass. 161, 163; Seward v. Arms, 145 Mass. 195; Eastern Fur & Skin Co. v. Steinfield, 233 Mass. 210, at 212. Such a claimant may come in as of right, Boylen v. Young, 6 Allen 582; and he may be-admitted on scire facias, Knights v. Paul, 11 Grray 225. The court may order the claimant to appear and as he comes in as of right, from the nature of the situation, no other party can keep him out; therefore no one is entitled to notice of the court’s order. There was no error in the court’s, order here and the appellant was not harmed by it..
*51 We have carefully examined the action of the trial judge with regard to the several rulings requested by the parties and find that they are one and all disposed of by the foregoing.
No prejudicial error appearing, the report is to be dismissed.