*Northern District*

No. 4620

**SAMUEL ASH d/b/a**
**ASH TYPEWRITER COMPANY**

**v.**

**CITY OF MEDFORD**

*ENO, J.* This is an action or replevin brought against a municipal corporation. The defendant city filed a plea in abatement with its answer, alleging that thirty days' notice was not given the defendant as required by G. L. (Ter. Ed.) c. 223, s. 28.

The writ was dated September 27, 1951, and served on the defendant city on October 19, 1951. It was returnable on October 27, 1951.

After the hearing on the defendant's plea in abatement and before the trial judge ruled thereon, the plaintiff filed the following requests for rulings:

"1. If the Court finds that the return of the Replevin writ is less than thirty (30) days then

an order of notice on request of the Plaintiff must issue.

"2. The failure of a writ against a city, if less than thirty (30) days is not fatal if an order of notice is requested before the hearing on the merits."

The plaintiff also filed a motion for an order of service on the defendant, which the court denied. He also refused to rule upon plaintiff's requests.

The report does not state, but the docket entries show, that the plea in abatement was allowed on June 16, 1952.

By G. L. (Ter. Ed.) c. 223, s. 28 a writ in an action against a city must be served thirty days at least before the return day. In the case at bar only nine days elapsed. For this non-compliance with the statute the service was clearly defective.

The plaintiff claims to be aggrieved, however, by the refusal of the trial judge to act on his requests for rulings and by the denial of his motion for further service on the defendant.

Ordinarily the failure of the trial judge to act on the requests for rulings seasonably presented is equivalent to a denial thereof. *John Hetherington and Sons, Ltd.* v. *William Firth Co.*, 210 Mass. 8; *Woodworth* v. *Woodworth*, 271 Mass. 398; *Georgeopoulos* v. *Georgeopoulos*, 303 Mass. 231, 234. We treat them, therefore, as having been denied.

The first request clearly could not be granted. There is no law stating that in case of defective service, as in the case at bar, an "order of notice on request of the plaintiff *must* issue." (Italics supplied.)

The second request became immaterial by the denial of plaintiff's motion, which is the only matter now to be considered.

The plaintiff argues, without citing any authorities to support his contention, that the denial of his motion was an abuse of judicial discretion,

implying that its disposition was a matter of sound judicial discretion.

Assuming, for a moment, that it was, there is nothing in the report even suggesting such an abuse. The only reference to the action of the trial judge in the report is that he denied the motion. In any event no exception lies to the exercise of such discretion. *Baker* v. *Copeland,* 140 Mass. 342.

We are of the opinion, however, that the trial judge had no discretion in the matter. The statute is mandatory and the judge could not waive it. The service of a writ on a city without allowing the full time required by the statute is a mere nullity.

In *Stimpson* v. *Inhabitants of Malden,* 109 Mass. 313, service of a trustee writ on a town less than thirty days after its date, wherein both the defendant and the town were later defaulted and execution was issued, the court held that the service was insufficient to give the magistrate jurisdiction of the defendants, that payment by the town on the execution was unauthorized; and that the plaintiff could take adavantage of the defect.

In *Harris* v. *Doherty,* 119 Mass. 142, it was held that a trustee writ served upon a city less than thirty days before the return day was not legally served upon the city.

And furthermore the provisions of the statute for further service apply only to persons who are out of the state at the time of the service of the summons, and if actually in the Commonwealth at the time he is not entitled even under G. L. 223, s. 34 to further notice. *Reeder* v. *Holcomb,* 105 Mass. 93; *Porter* v. *Prince,* 188 Mass. 80.

There being no prejudicial error the report is to be dismissed.

Yoffa & Yoffa, for the plaintiff.

Mark E. Gallagher, Jr., for the defendant.