## CORNELIA R. HICHINS *et al.*

### *v.*

### ISAAC R. LYON *et al.*

1. JUDGMENT IN ATTACHMENT — *when limited to the amount claimed in the affidavit.* A judgment should not be rendered in an attachment suit for a greater sum than is claimed by the affidavit, where there is no appearance by the defendant, or personal service of the writ.

2. SAME — *should not exceed the ad damnum.* Nor should the judgment exceed the *ad damnum* of the plaintiff's declaration.

3. RETURN *of not found unnecessary.* Since the act of February 12, 1857, it is not necessary that a return of *non est inventus* should be made in a suit by attachment to authorize the rendition of a judgment.

WRIT OF ERROR to the McHenry County Circuit Court; Hon. ISAAC G. WILSON, Judge, presiding.

The defendants in error, on the 1st day of March, 1860, sued out a writ of attachment in Circuit Court of McHenry county, against the plaintiff in error, and Edward Hichins and Nicholas H. Hichins. The affidavit for the writ alleged that said Cornelia R. Hitchins, Edward Hichins and Nicholas H. Hichins were indebted to said Lyon and Sherwood, in "a large sum, to wit: the sum of one hundred and twenty-three dollars for goods, wares and merchandise, and upon two promissory notes, and that the said Edward Hichins, Nicholas H. Hichins and Cornelia R. Hichins, are not residents of this State."

The writ of attachment, issued in the usual form, for $123 was levied by the sheriff March 1, 1860, and a bond filed in the penal sum of $300, dated on the first day of February, 1860. The bond recites that "*on the day of the date hereof* the above bounden Lyon & Sherwood have prayed an attach-

ment out of the Circuit Court at the suit of the said Lyon &
Sherwood, against the estate of the above named Cornelia R.
Hichins, Nicholas H. Hichins and Edward Hichins, for the sum
of $123."

The declaration was filed March 9, 1860, the *ad damnum*
being in the sum of $123, and besides the common counts, also
contained counts upon two promissory notes dated June 1, 1859,
for $55.67 each, and each due in seven months after date, with
ten per cent. interest.

The notice of publication does not appear in the record, nor
is there any return by the sheriff, as to whether the defendants
in the attachment were or were not found.

The defendants in the attachment were defaulted, and judg-
ment rendered against them for the sum of $132.46.

They now bring the case here upon writ of error. The
questions presented upon the record are: *First*, whether the
judgment could properly be rendered for a greater sum than is
claimed in the affidavit, there being no appearance or personal
service of process; *Second*, whether the judgment was not
erroneous because it exceeded the *ad damnum* of the plaintiffs'
declaration; and *Third*, whether it is necessary, since the act
of February 12, 1857 (Sess. Laws, p. 51), that there should be a
return of "not found" to authorize a judgment upon con-
structive service by publication in a suit by attachment.

Messrs. Knox and Reed, for the plaintiffs in error.

Mr. L. S. Church, for the defendants in error.

Mr. Justice Beckwith delivered the opinion of the Court:

A judgment should not be rendered in an attachment suit for
a greater sum than is claimed by the affidavit where there is no
appearance by the defendant or personal service of the writ
(12 Ill. 198), nor should it exceed the *ad damnum* of the
plaintiffs' declaration. Breese, 174; 3 Scam. 347; 2 Gilm.
375; 19 Ill. 46; 22 id. 287; 24 id. 197; 27 id. 293.

We are of the opinion that a return of *non est inventus* is not necessary to authorize the rendition of a judgment under the provisions of the act of February 12, 1857. Laws of 1857, p. 51.

*Reversed and remanded.*