GLENDON COMPANY *vs.* TRUE W. TOWNSEND & others.

Suffolk.   March 28. — May 9. 1876.   DEVENS & LORD, JJ., absent.

Proceedings to enforce a mechanic's lien will not be continued to await bankruptcy proceedings against a debtor who has, before his bankruptcy, legally conveyed all his interest in the land.

A former owner of land, subject to a mechanic's lien, which he has conveyed with a warranty against incumbrances, has not such an interest in the estate as entitles him to dissolve the lien by giving bond under the St. of 1874, *c.* 321.

PETITION under the Gen. Sts. *c.* 150, to enforce a mechanic's lien. In the Superior Court, *Colburn*, J., declined to continue the case, although proceedings in bankruptcy were pending against the first named respondent; and the respondents alleged exceptions. The judge also declined to order a sale of the land and the petitioner alleged exceptions. The facts of the case appear in the opinion.

*E. C. Bumpus & E. M. Johnson*, for the petitioner.

*G. W. Morse*, for the respondents.

MORTON, J. The petitioner furnished materials used in the erection of a building upon the land described in the petition, by virtue of a contract made November 16, 1874, with Townsend, then the owner of the land and the purchaser of the materials, and had, by virtue of the Gen. Sts. *c.* 150, a lien upon the land for the debt due for such materials. On January 13, 1875, within thirty days after it ceased to furnish materials, it filed in the office of the registry of deeds, under St. 1874, *c.* 321, § 4, the certificate required by the Gen. Sts. *c.* 150, § 5, and on March 10, 1875, being within ninety days after it ceased to furnish the materials, filed its petition in the Superior Court to enforce the lien. After the contract was made and the materials were furnished in whole or in part, Townsend mortgaged the land, and then afterwards, prior to February 15, 1875, conveyed it by warranty deed in the usual form, not excepting the lien. On April 7, 1875, Townsend filed a bond, with sureties, for the purpose of releasing his interest in the property from the lien, under the St. of 1874, *c.* 321. On May 21, 1875, Townsend filed in the District Court of the United States his petition for the benefit of the bankrupt act, and he was duly adjudicated a bankrupt, and an assignee appointed.

Upon these facts, it is clear that the petitioner is entitled to a lien which has priority of the mortgages and conveyances made after the contract under which the lien is claimed. *Dunklee* v. *Crane*, 103 Mass. 470. The mortgagees and the grantees of the equity of redemption, who have been made parties to this suit, do not dispute this.

The facts show that, before Townsend petitioned for the benefit of the bankrupt act, he had conveyed away all his interest in the property upon which the lien is claimed. In the absence

of any suggestions to the contrary, we must assume this conveyance to have been made in good faith and without fraud.

This suit is in the nature of a proceeding *in rem*, the purpose of which is to reach the land to which the lien has attached. Townsend is merely a nominal party, and his assignee in bankruptcy has no interest in the land or in the suit. The case is thus distinguished from *Clifton* v. *Foster*, 103 Mass. 233. The land on which the lien exists is not a part of the assets of the bankrupt, and the District Court has no jurisdiction over the subject matter of this suit. The fact of the bankruptcy of Townsend therefore furnishes no reason why the Superior Court should not proceed and order a sale of the real estate to satisfy the lien of the petitioners.

But the respondents contend that the bond filed on April 7, 1875, dissolved the lien, so that no sale can now be ordered.

The St. of 1874, *c.* 321, § 1, provides that "any person, having an interest in property upon which a lien has been claimed," may, at any time before final judgment in a suit brought to enforce such lien, release his interest in such property or in any portion thereof from such lien, by giving a bond with condition to pay, within thirty days after final judgment in such suit, a sum fixed as the value of the property or interest so released, or so much of such sum as may be necessary to satisfy any amount for which such property or interest may be found to be subject to such lien in such suit. This gives the right to dissolve the lien to those persons only who have an interest in the property, which means an estate in the land capable of being released. In this case, Townsend had conveyed all his interest in the land upon which the lien is claimed, before he filed the bond. He might become liable upon the covenants of his deed if the lien was sustained, and was thus remotely interested in the questions involved in the suit, but he had no interest in the land which he could convey, or upon which a release could operate. We are of opinion, therefore, that he was not within the statute; that the bond filed by him did not release the land from the lien and that the petitioner is entitled to an order of sale. The result is that the respondents' exceptions are overruled, and the

*Petitioner's exceptions are sustained.*