*H. K. Braley*, for the plaintiff.

*J. M. Morton*, for the defendants.

JAMES O. SAFFORD & another *vs.* CHARLES A. WEARE.

Essex.   Nov. 4, 1885. — July 2, 1886.   FIELD & DEVENS, JJ., absent.

The demandant in a writ of entry claimed title to the premises by a deed, which was executed and delivered before, but was not recorded until after, an attachment of the premises in an action against his grantor. The tenant claimed title under a levy and sale on an execution issued upon the judgment in the action after the demandant's deed was recorded. The judgment was for a sum greater than the *ad damnum* in the writ. *Held,* that the judgment was erroneous, and could be avoided by the demandant; and that he was entitled to the premises.

W. ALLEN, J.   This is a writ of entry. The demandants' title is by deed from one Jacobs, executed and delivered in 1878, and recorded in 1880. The tenant's bill is under a levy and sale on execution in 1881, in a suit against Jacobs, in which the premises were attached in 1879. The demandants held an unrecorded deed when the premises were attached as the property of their grantor, and had recorded their deed before judgment and execution. The question is whether the sale on the execution is valid against them.

The *ad damnum* in the writ against Jacobs was $2000, and the judgment was for $2117.14 damages, besides costs; as the judgment was in excess of the *ad damnum*, it was erroneous. *Grosvenor* v. *Danforth*, 16 Mass. 74. *Hemmenway* v. *Hickes*, 4 Pick. 497. *Hichins* v. *Lyon*, 35 Ill. 150.

The demandants' right is collaterally affected by the judgment against Jacobs; and as the demandants were not parties or privies to that judgment so that they can reverse it on error, they can avoid it by proof. *Vose* v. *Morton*, 4 Cush. 27. *Laflin* v. *Field*, 6 Met. 287. *Downs* v. *Fuller*, 2 Met. 135. *Tarbell* v. *Jewett*, 129 Mass. 457.

As this point is quite decisive of the case, it is unnecessary to consider whether, had the judgment been valid, the fact that the attachment (which was limited to $2000) was less than the amount of the levy would have the effect upon the levy by sale that it would seem to have upon a levy by extent. See *Chickering* v. *Lovejoy*, 13 Mass. 51, 56.

*Judgment for the demandants.*

*S. C. Bancroft*, for the tenant.

*G. B. Ives*, for the demandants.