EDWARD C. LANDERS *vs.* MARY M. ADAMS.

Suffolk.    January 13, 1896. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Mechanic's Lien — Bond.*

The provisions of Pub. Sts. c. 191, §§ 42, 43, as to dissolving a mechanic's lien by bond, do not authorize a bond to be given by any person unless he is a person having an interest in the property upon which a lien has been claimed.

PETITION to enforce a mechanic's lien, under Pub. Sts. c. 191. After trial of issues before a jury and a finding in favor of the petitioner, the lien was established in his favor for the amount found by the jury. The petitioner thereupon moved that an order of sale of the premises covered by the lien be issued. In an affidavit filed in opposition to this motion, the respondent set out a certain bond given for the purpose of dissolving the attachment, and duly recorded. It appeared that the bond was not signed as principal by any person having an interest in the property upon which the lien was claimed at the time when the bond was given, the respondent herein and the principal in the bond having been devested of all interest in the property before the execution of the bond, but the bond was given at the request of a mortgagee having as such an interest in the land at the time the bond was given.

At the hearing upon the motion that the order of sale issue, the respondent requested the judge to rule as follows: "If a

person having an interest in the estate upon which the lien has been established in this case gave a bond in accordance with Public Statutes, chapter 191, section 42, to discharge said lien, such bond is not invalid, because the party having an interest does not appear as principal on the said bond." *Hammond*, J. declined so to rule, and granted the motion that an order of sale issue; and the respondent alleged exceptions.

*F. W. Adams*, for the respondent, submitted the case on a brief.

*A. H. Russell*, for the petitioner.

FIELD, C. J. We are of opinion that Pub. Sts. c. 191, §§ 42, 43, do not authorize a bond to be given by any person unless he is a person having an interest in the property upon which a lien has been claimed. There are no special provisions in this chapter of the statutes authorizing a person having such an interest to procure a bond to be executed by another person with the same effect as if executed by himself, and we think that Pub. Sts. c. 161, § 104, do not apply to bonds given pursuant to Pub. Sts. c. 191, § 42. Such bonds, by § 43 of the same chapter, are required to "contain a description of the property or interest released," and to be recorded by the obligor within ten days after the approval of the bond "in the registry of deeds for the county or district in which the property lies"; and it is provided that "the lien shall not be dissolved until the bond is so recorded." The intention is that the record shall show that a person having an interest in the property has given a bond pursuant to § 42, and has thus released his interest from the lien. The bond of a person having no interest in the property is not a compliance with the statute. *Glendon Co.* v. *Townsend*, 120 Mass. 346.

*Exceptions overruled.*