CHARLES H. FRENCH *vs.* CAROLINE F. GOODNOW.

Suffolk.    January 10, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Poor Debtor — Notice served by Constable — Judgment — Ad damnum.*

A notice to a debtor to appear and submit to an examination touching his estate, under Pub. Sts. c. 162, § 18, upon an application for an order for his arrest, may be served by a constable.

While a judgment must not be for damages in excess of the *ad damnum*, it may give costs in addition to that amount.

CONTRACT, against the surety upon a poor debtor's recognizance. Trial in the Superior Court, without a jury, before *Richardson*, J., who refused to make a ruling requested and ruled

that a constable had authority to serve the notice; and the defendant alleged exceptions, which appear in the opinion.

*W. C. Cogswell,* for the defendant.

*W. Bolster,* for the plaintiff.

HOLMES, C. J.   The only question in this case is whether a notice to a debtor to appear and submit to an examination touching his estate, under Pub. Sts. c. 162, § 18, upon an application for an order for his arrest, could be served by a constable.   The execution was for $286 damages, and $34.37 costs, amounting together to more than $300 ; and the defendant contends that this execution was beyond the power of the constable to serve, and that the notice was subject to the same limitation.

By § 18 the notice might be served by an officer authorized to serve the execution upon which the application for arrest was founded.   But this was amended by St. 1889, c. 415, § 1, which reads : " The notices mentioned in section eighteen . . . shall be served by any officer qualified to serve civil process."   If this amendment only means qualified to serve civil process between the parties in the particular case, as contended by the defendant, it is hard to see why it was thought worth passing.   We do not so construe the act.   We understand the words to be intended to embrace constables, a part of whose business and qualifications it is to serve civil process, (Pub. Sts. c. 27, § 113, St. 1893, c. 423, § 27,) although they are limited in respect of amount, as, for the matter of that, deputy sheriffs are limited in respect of place and otherwise.

Apart from the above mentioned amendment, the service of the notice was good because, so far as appears, the constable had power to serve the execution.   The language of the statutes is " may . . . serve any writ or other process in a personal action in which the damages are laid at· a sum not exceeding three hundred dollars."   St. 1893, c. 423, § 28.   Pub. Sts. c. 27, § 114. While a judgment must not be for damages in excess of the *ad damnum, Safford* v. *Weare,* 142 Mass. 231, it is clear on theory and is settled by tradition and practice that it may give costs in addition to that amount.   So far as appears, therefore, the damages in the original suit may have been laid at $300 or less.

*Exceptions overruled.*