TAUNTON SAVINGS BANK *vs.* HENRY G. BURRELL & others.

Norfolk.    May 23, 1901. — June 19, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Mechanic's Lien*, Bond to dissolve. *Estoppel.*

W., the owner of land on which there was a mechanic's lien, transferred it through a third person to his wife by a conveyance which was fraudulent and void as against creditors. Thereafter he gave to the mechanic a bond under Pub. Sts. c. 191, § 42, to dissolve the lien, purporting to release the land altogether therefrom. A mortgagee of the land brought a suit in equity against the mechanic to enjoin him from enforcing his lien. W. and his wife had a child. *Held*, that it was unnecessary to decide whether W. when he gave the bond had an interest in the property within the meaning of Pub. Sts. c. 191, § 42; that, if W. had such an interest as entitled him to give a bond under the statute, and if the bond was not invalidated by his attempt to release the land altogether instead of " his interest in such property ", as authorized by the statute, the bond in any case could go no further than to release his interest, and the defendant could not be prevented from asserting his lien subject to W.'s tenancy by the curtesy initiate.

The holder of a mechanic's lien who takes a bond under Pub. Sts. c. 191, § 42, from one claiming to have an interest in the property on which the lien is to be enforced, is not estopped thereby from denying such interest or contesting the validity of the bond.

BILL IN EQUITY by a mortgagee of certain land, to enjoin the enforcement of mechanics' liens thereon, filed March 1, 1901.

In the Superior Court, *Stevens,* J. dissolved a temporary injunction theretofore granted and ordered the bill dismissed, unless the defendants should assign to the plaintiff all their rights in the bond given to dissolve their liens on receiving from the plaintiff the amounts for which their liens were established with interest thereon, and, at the request of the plaintiff, reported the case for the consideration of this court. If the ruling was right, the order was to be affirmed ; otherwise, the defendants were to be enjoined. The bond to dissolve the liens was executed and delivered June 9, 1898. The only material fact, appearing in the report and not stated in the opinion of the court, is that Way, the obligor of the bond, had a child by the wife to whom the land was conveyed.

*A. S. Phillips & W. E. Fuller, Jr.,* for the plaintiff.

*O. A. Marden,* for the defendants.

HOLMES, C. J.    This is a bill in equity to enjoin the principal defendants from further enforcing mechanics' liens upon certain land of which the plaintiff is mortgagee. The bill goes on the ground that a bond was given under Pub. Sts. c. 191, § 42, and that this ended the defendants' right to proceed. The bond was given by one William T. Way, who had employed the defendants who assert the liens. At the date of the bond the land had been conveyed by Way through a third person to his wife, by a deed which was fraudulent and void as against creditors. The questions raised are whether Way was, or the defendants are estopped to deny that he was, a " person having an interest in " the property within the meaning of Pub. Sts. c. 191, § 42, (as otherwise, it is admitted, the liens would not be released, *Landers* v. *Adams,* 165 Mass. 415 ;) and what would be the effect of the bond if it was good under the act.

Taking these questions in the reverse order, the answer to the last is enough to dispose of the case. The section only provides a mode in which a person having an interest in the property may " release his interest in such property, or in any portion thereof." Therefore, if Way had a right to give a bond under the statute at all, it could go no further than to release his interest, and the defendants could not be prevented from assert-

ing their lien subject to Way's tenancy by the curtesy initiate. Way's bond in fact purported to release the land altogether. If this mistake did not invalidate the bond, at least it could not give it a greater effect than would have been produced by one in proper form. Even if the sale ought to be subject to Way's rights, an injunction does not seem to be necessary to that end, it would do the plaintiff no appreciable good, and in that limited form is not the object of the bill.

We see no ground on which the defendants should be estopped to assert any objection to the bond which they can make good. They did nothing beyond taking their part in a proceeding which any one claiming an interest in the land might institute, whether they liked it or not. At the time they supposed the bond to be good. Moreover the plaintiff knew nothing of the facts, and was not privy to them if it had known them, and, in short, neither appears to have changed its position on the faith of the defendants' conduct nor to have had any right to do so with legal effect.

Whether Way had an interest in the property within the meaning of Pub. Sts. c. 191, § 42, it is unnecessary to decide.

*Decree affirmed.*