KATHARINE C. ROCKWELL *vs.* JOHN F. KELLY & others.

Suffolk.     December 5, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Mechanic's Lien. Bond. Estoppel. Attorney at Law.*

A bond given under R. L. c. 197, § 28, to dissolve a mechanic's lien, approved by a master in chancery without causing an appraisal to be made of the property to be released, as required by R. L. c. 167, § 121, where the parties have not agreed upon the value of the property, has no effect to dissolve the lien.

Where the counsel of one holding a mechanic's lien on real estate receives from a registry of deeds in the usual course of his professional business with other papers a bond given under R. L. c. 197, § 28, purporting to dissolve the lien, having no knowledge that the bond is invalid, this does not estop his client from showing that the bond has no effect to dissolve the lien because a master in chancery approved it without causing an appraisal to be made.

BILL IN EQUITY, filed in the Superior Court on July 5, 1904, against John F. Kelly, a deputy sheriff, and John Holmes, John McHugh and John J. Walsh, respectively claiming mechanics' liens on a parcel of land owned by the plaintiff on Abbott Street in that part of Boston called Dorchester, the plaintiff's title having been derived by mesne conveyances from the foreclosure of a second mortgage given by Moses T. Hughes to William A. Porter, dated September 25, 1903, and foreclosed on March 30, 1904, to enjoin the defendants from enforcing the liens so claimed by them.

In the Superior Court the case was heard by *Sheldon*, J.   It appeared that the defendants McHugh and Walsh perfected their respective liens and took out an order of sale dated May 20, 1904, and that the liens antedated and had priority over the mortgage through which the plaintiff claimed unless they had been dissolved; and that one Clarence E. Hill, to whom Porter had assigned the mortgage gave bonds under R. L. c. 197, § 28, to dissolve the liens.   The judge ruled that the bonds did not dissolve the liens, and made a final decree dismissing the bill without costs.   The plaintiff appealed.

*G. W. Estabrook*, for the plaintiff.

*James Ballantyne & John Ballantyne*, for Holmes, submitted a brief.

*R. J. Lane*, for McHugh.

*P. W. Carver*, for Walsh.

BRALEY, J.   Unless the liens of the defendants were dissolved by the bonds given by the plaintiff's predecessor in title they are paramount to the mortgage under the foreclosure of which she owns the premises, and the bill must be dismissed.

It may be assumed, without deciding, that Hill, as assignee of the second mortgagee, had such an interest in the land, even if the conveyance by Hughes originally was voluntary, and therefore voidable by creditors, as to bring him within the provisions of R. L. c. 197, § 28, permitting a dissolution of the liens by giving bonds.   *Breed* v. *Gardner*, 187 Mass. 300.

The purpose of this statute is to allow any one possessing an interest in the whole or any part of the realty to free his title from such an incumbrance and to prevent the land from being sold to satisfy the lien.

While a proper bond dissolves it only as to the interest of the principal, leaving unaffected the right of other persons in the premises, yet to effectuate this purpose the statutory condition must appear in the instrument, which is to pay the lienor the amount fixed as the value of his legal or equitable ownership, or so much of the valuation as may be required to satisfy either the whole claim, or the proportionate part which the obligor's interest may be required to contribute.   *Taunton Savings Bank* v. *Burrell*, 179 Mass. 421.

If the pecuniary value of the interest to be released is not as-

certained by agreement, then proceedings may be had similar to those provided for the approval of bonds given to dissolve attachments, where the amount is determined by a magistrate having jurisdiction under R. L. c. 167, § 121. The inquiry which the acting magistrate has to make is judicial, and cannot be dispensed with, even if a penal sum is named, as in the present case, which was in excess of the amount of each lien. But for the statute the liens could not be dissolved in this manner, and while the bonds which were furnished may have been, and probably were as ample security for the protection of the lienors as if this condition had been actually complied with, yet the right to give them being a statutory remedy, to work a dissolution by way of substitution they must be in strict conformity with the statute.

The undisputed evidence makes it certain that the magistrate, who as a master in chancery approved the bonds, before doing so caused no appraisal to be made, and did not pass upon this question, but being of opinion that the penal sum in each was sufficient to fully protect the obligees stated the value of the interest of the principal in the premises at the same amount. Because of his failure to comply with this requirement there was no valid condition in either bond, and consequently the liens remained undischarged.

It is further urged by the plaintiff that these obligations were enforceable at common law, and that the defendants by reason of their subsequent conduct are estopped to set up the defence of invalidity. They were, however, under no duty to declare their intention of accepting one form of security for the other unless before her purchase the plaintiff upon inquiring of them concerning the title she was about to take had been misled, or informed that the liens no longer attached, but this she is not shown to have done.

After the bonds were recorded they remained in the registry of deeds except that the counsel for one of the defendants received from the register the bond running to his client, and although under some circumstances this might be treated as an effectual act of acceptance, such an act is not enough to work an estoppel where it appears, as in this case, that at the time of reception he had no knowledge the bond was invalid, and in the

usual course of his professional business unintentionally received it with other papers. *Stiff* v. *Ashton*, 155 Mass. 130. Besides there is not the slightest evidence that the plaintiff purchased the property because she was informed, or believed that it was unincumbered by these liens, or that either of the lienors have acted at any time with the intention of misleading her, or inducing her to buy at a disadvantage, and therefore they are not precluded from asserting their respective rights. *Tyler* v. *Odd Fellows' Mutual Relief Assoc.* 145 Mass. 134.

*Decree affirmed.*