EDWARD B. MERRIMAN & another *vs.* WILLIAM S. CURRIER & another.

Essex.    January 17, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Ship. Lien. Attachment. Bond. Practice, Civil,* Motion to dismiss.

Where a petition to enforce a lien on a vessel was filed in the Superior Court under Pub. Sts. c. 192, § 17, now R. L. c. 198, § 17, while the vessel was within the jurisdiction of the court, and the return of the process for the attachment of the vessel shows that the attachment was not made because the vessel was no longer

within the jurisdiction of the court, whether the court would have power to ascertain the amount and validity of the claim when it could make no effectual order of sale, *quaere.*

A petition to enforce a lien on a vessel for labor and materials furnished in her construction under Pub. Sts. c. 192, § 17, now R. L. c. 198, § 17, is a proceeding *in rem,* and, although it may be inserted in a writ of original summons with an order of attachment, such order must be directed against the vessel and not against her owners.

A petition undertaking to enforce a lien on a vessel for labor and materials furnished in her construction under Pub. Sts. c. 192, § 17, now R. L. c. 198, § 17, inserted in a writ of original summons and attachment containing an order to attach the goods of two persons named as defendants to an amount named and to summon them to appear and answer the petition, and a return of the officer on the writ showing an attachment of the vessel as the property of the defendants, followed by a special precept ordering the attachment of the vessel as the property of the defendants and an attachment under it, and followed also by the service of a summons personally on one defendant and by publication on the other, all are of no effect to give the court jurisdiction under the statute.

Where an attachment is of no effect because not authorized by the statute under which it purports to be made, a bond given to dissolve it does not change its character.

A decision of the Superior Court denying a motion to dismiss a petition undertaking to enforce a lien on a vessel for labor and materials furnished in her construction, where the proceedings had been taken against the owners of the vessel instead of against the vessel, is not final, the defect in the proceedings being one of substance affecting fundamentally the jurisdiction of the court, and not one of form within R. L. c. 173, § 76.

PETITION under Pub. Sts. c. 192, § 17, to enforce a lien upon a schooner called the Adelaide Barbour for labor and materials alleged to have been furnished in her construction, inserted in a common law writ dated August 31, 1901, returnable on the first Monday of October in that year.

In the Superior Court the service of process was as stated in the opinion. The respondent Currier appeared generally and filed an answer. The respondent Tilton entered a special appearance and filed a motion to dismiss. The special precept mentioned in the opinion was authorized by the court and was served as there stated. The respondent Tilton filed a motion to dismiss and a plea in abatement, the last containing among other reasons the following:

" Fifth. That no attachment of said vessel has ever been made as in a proceeding *in rem* against said vessel but the only attachments which have been made in said proceeding have been made on said vessel as the property of William S. Currier and William E. Tilton as in an action of law to respond to a judg-

ment *in personam* for damages and has not been made on any order for the attachment of said vessel in the manner provided by Pub. Sts. c. 192, § 17."

*Bishop*, J. denied the motions to dismiss and overruled the plea in abatement. The respondent Tilton alleged exceptions and appealed.

Later the respondent Tilton made a motion before *De Courcy*, J. that for want of a legal attachment the proceedings be continued until a valid attachment had been made. This motion was denied by the judge ; and the respondent Tilton alleged exceptions and appealed.

The respondent Tilton then demurred to the petition alleging among other causes of demurrer the following :

"Fifth. That the petitioner's proceeding is in manner and form an action at law *in personam* against William S. Currier and William E. Tilton as defendants, and not a proceeding *in rem* for the enforcement of a lien against a vessel in the manner and form as required by the statutes of the Commonwealth of Massachusetts in force at the time of the bringing of said proceedings."

The judge overruled the demurrer ; and the respondent Tilton alleged exceptions.

The respondent Tilton then filed an answer and the case was tried on the merits before *Gaskill*, J., without a jury, the only evidence presented at the trial being the report of Jeremiah Smith, Jr., Esquire, to whom the case had been referred as auditor. The auditor found and reported that the petitioners were entitled to a lien upon the schooner Adelaide Barbour in the sum of $700, with interest from August 31, 1901, the date of the commencement of the proceedings.

At the close of the evidence the respondent Tilton filed a further motion to dismiss as follows :

"Now comes the respondent Tilton in the above entitled cause, and without waiving any motions, pleas or other defences heretofore taken, moves that the same may be dismissed for want of jurisdiction of this court of the subject matter, because on the evidence the subject matter is within the exclusive admiralty jurisdiction of the United States courts and is not within the jurisdiction of this court."

This motion was denied and the respondent Tilton appealed from the order denying the motion and also excepted thereto.

The respondent Tilton also requested the court to make the following rulings:

" First. That on all the evidence the petitioners are not entitled to recover and the petition must be dismissed.

" Second. That on the record and the evidence the petitioners are not entitled to judgment against the respondent Tilton or the schooner Adelaide Barbour on their petition in manner and form as set forth in this proceeding, and the petition must be dismissed against the respondent William E. Tilton.

" Third. That the petitioners have not taken such proceedings as entitle them to a judgment or decree on their petition against the schooner Adelaide Barbour or the respondent William E. Tilton.

" Fourth. The evidence in this case is not such as to warrant a judgment or decree against the respondent William E. Tilton or the schooner Adelaide Barbour on the petition in manner and form as set forth in this proceeding.

" Fifth. That the statement filed by the petitioners in the city clerk's office at Newburyport is not sufficient to warrant a judgment in their favor on the evidence on their petition in the manner and form set forth in this proceeding.

" Sixth. That the subject matter of this proceeding is on the evidence not within the jurisdiction of this court, but within the exclusive admiralty jurisdiction of the United States District Court.

" Seventh. That the enforcement of the petitioner's lien in so far as it is based on a *quantum meruit* arising from the placing of goods on board the vessel after she was launched is a matter within the exclusive admiralty jurisdiction and not within the jurisdiction of this court.

" Eighth. That there has been no process in this case which is sufficient in law to bring the vessel Adelaide Barbour or the respondent Tilton within the jurisdiction of this court for the entry of a judgment or decree against said vessel or the respondent Tilton.

" Ninth. That there has been no attachment of the vessel Adelaide Barbour sufficient in law to bring her before this court

or within its jurisdiction for the entry of any judgment or decree against her or the respondent Tilton."

The judge refused to make any of these rulings and ordered that judgment be entered for the petitioners as follows:

" And now after fully hearing the parties and their evidence, and it appearing to the court that the said schooner Adelaide Barbour has been taken away from the jurisdiction of this court by the respondent Tilton, so that the said schooner cannot be sold as prayed in the petition; and it further appearing that a bond has been filed in this suit conditioned to pay to the petitioners the amount for which a lien shall be established in this suit against said schooner.

" It is adjudged that the petitioners have established a lien upon the said schooner Adelaide Barbour, her tackle, apparel and furniture in the sum of $700, and $170.10 interest, and costs as the same shall be taxed by the clerk."

The respondent Tilton alleged exceptions.

*A. C. Burnham*, for the respondent Tilton.

*F. H. Nash*, for the petitioners.

KNOWLTON, C. J.   This case is before us on four bills of exceptions, and on appeals from orders overruling motions to dismiss and pleas in abatement.   The suit was brought under the Pub. Sts. c. 192, §§ 14–17, now R. L. c. 198, §§ 14–17, to enforce a lien for materials furnished in the construction of a schooner at Newburyport.   A suit of this kind is a proceeding *in rem*, in which the jurisdiction of the court to enter a judgment depends upon jurisdiction of the property, and the only judgment that can be entered is one against the property, to be enforced by an order of sale.   The character of the proceeding in this respect is apparent upon a reading of the statute, and is recognized in many decisions.   *The Glide*, 167 U. S. 606, 623; *Atlantic Works* v. *Tug Glide*, 157 Mass. 525, 528.   *Briggs* v. *Light-Boats*, 11 Allen, 157, 164.   *Glendon Co.* v. *Townsend*, 120 Mass. 346, 348.   *Tyler* v. *Court of Registration*, 175 Mass. 71, 77.   The Pub. Sts. c. 192, § 17, above cited, provides that " At the time of entering or filing the petition, a process of attachment against such vessel, her tackle, apparel, and furniture, shall issue and continue in force, or may be dissolved like attachments in civil cases, but such dissolution shall not dissolve the lien."   Without such a process

and an effectual service of it, the court can never make an effectual order for a sale of the vessel and a disposition of the proceeds. In this respect the provision of the statute differs materially from that of the next preceding chapter in reference to liens on buildings and land. In the enforcement of these liens the process required to be issued is a summons to the alleged owner of the building, and a notice of the filing of the petition to others interested. R. L. c. 197, § 12. This is because the property on which the lien is to be enforced is immovable, and cannot be taken from the jurisdiction of the court. The rights of persons interested are sufficiently protected by the entries in the registry of deeds. The statute relative to liens on vessels gives the Superior Court jurisdiction of suits for the enforcement of the liens. R. L. c. 198, § 17. But before the court can render a judgment in a proceeding *in rem*, it must have jurisdiction of the property also. For this purpose the statute directs that the court shall reach out its hand and take the property into its possession by a process of attachment on the vessel, to be issued upon the filing of the petition. This rightly is made essential. In a proceeding of this kind, the statute does not authorize a judgment *in personam*, and, when the entire jurisdiction is to proceed against movable property, it would be futile for the court to attempt to act without first issuing a process to assume control of the *res* and bring it before the court. Until the *res* is before the court, there is nothing there upon which the court can exercise its jurisdiction. The *res* is the party, which stands in the place of the personal defendant in an ordinary action at law.

If a vessel was once within the jurisdiction of the court, and a lien then was created, and a suit was brought, and the proper process was issued whereby the court undertook to take control of the vessel, and if the return of the process showed that the vessel was no longer within the jurisdiction of the court, whether the court would have power to ascertain the amount and validity of the claim, when it could make no effectual order of sale, is a question which we need not decide in this case. Without intimating that it could, it is sufficient for our present purpose that no proper process was issued in this case. The petition for the enforcement of the lien was inserted in a writ of original

summons and attachment, in which the order was to attach the goods or estate of William S. Currier and William E. Tilton to the value of $1,200, and summon these defendants to appear and answer to this petition. The order of attachment had no reference to this vessel. It was the usual order to attach goods and estate of a defendant in an action *in personam*, and it would have been obeyed by attaching any real estate or personal property of these persons. The return of the officer upon it rightly followed the precept, and showed an ordinary attachment of the schooner as the property of these defendants, to be held as security for such judgment as should be recovered against them. Subsequently a motion was made for a special precept to attach the vessel to the value of $1,200. This was made upon an affidavit, in the usual form, that the plaintiff has a good cause of action against the defendants, and a reasonable expectation of recovering a sum amounting to at least one third of the damages demanded in the writ. A special precept was issued in the common form used to attach goods of a defendant in an action *in personam*, and the direction to attach, and the attachment made under it, did not differ materially from that under the first process. A summons also was issued and served personally on the respondent Currier, and by leaving it at the last and usual place of abode of the respondent Tilton, in Newburyport, known to the officer. The respondent Tilton was not a resident of Massachusetts, and an order of notice by publication was afterwards issued and published. But these were of no effect to give the court jurisdiction to proceed *in personam*. Indeed, if the service on the respondents had been perfect, there would have been no such jurisdiction under the statute. At no time has the court attempted to obtain jurisdiction of the only subject against which it is permitted by law to proceed. At no time was any process issued, either in form or substance like that prescribed by the statute.

It is suggested in argument that this process of attachment is to be issued only when the petition is filed in the court and a separate process is taken out. This is a mistake. The statute under which the suit was commenced provides that " The petition may be entered in court or filed in the clerk's office in vacation, or may be inserted in a writ of original summons with

an order of attachment, and served, returned, and entered like other civil actions." Pub. Sts. c. 192, § 17. The order of attachment which is to accompany the writ of original summons, and be included in it, is not an order of attachment of the property of the persons named as interested respondents, to be held as security for a judgment to be recovered against them, but it is an order, like the process mentioned in the last part of the section, for attachment of the vessel, as the *res* which the court must bring before it, and against which it is to enter judgment if the facts warrant the judgment. This is the only kind of attachment which could properly be made in such a case. There is nothing in the statute to indicate that there is to be one kind of attachment when a petition is filed in court and a different kind if an order for an attachment is included in a writ of original summons.

The provision of the Pub. Sts. c. 192, § 15, which permits the preservation of the lien by the filing of a statement in the office of the clerk of the city or town, within four days from the time when the vessel departs from the port at which she was when the debt was contracted, (now extended to thirty days by the St. 1896, c. 404, R. L. c. 198, § 15,) does not imply that the lien can be enforced without an attachment of the vessel within the jurisdiction. In *McDonald* v. *The Nimbus*, 137 Mass. 360, 365, it was held that a petition to enforce the lien, filed four years and a half after the vessel left the port, was seasonably commenced. In *Young* v. *The Orpheus*, 119 Mass. 179, 186, the petition was not filed until more than fifteen years after the lien was created, and it was held to be in time. Chief Justice Gray said in the opinion, " These petitions, having been filed upon the first return of the ship within the jurisdiction of the Commonwealth, were seasonably instituted." This is an implication that the parties could not proceed until the court could get jurisdiction of the vessel by an attachment within the Commonwealth. See also *Briggs* v. *Light-Boats*, 11 Allen, 157, 164, 165; *Coburn* v. *Clark*, 3 Allen, 207, 209.

The attachments, being wholly inapplicable to the case, the bond given to dissolve the last of them did not change their character. Besides, the bond does not in any way recognize the validity of the attachment. It refers to the process as " pur-

porting to be a process of attachment under the statute," and it calls the attachment a " purported attachment. "

For the reasons above stated, the respondent Tilton's second " motion for dismissal " should have been granted, so long as the petitioners took no other measures to bring the *res* before the court. In different forms this question of procedure and jurisdiction was saved in each of the four bills of exceptions now before us, and in each it requires us to sustain the exceptions.

It is contended by the petitioners that the decision by the Superior Court, upon the motion to dismiss, is final, under the R. L. c. 173, § 76, on the ground that it was a " motion to dismiss for defect of form of process." But this contention cannot be sustained. The defect in the proceeding is not one of form, but of substance, which affects fundamentally the jurisdiction of the court. *Kimball* v. *Sweet,* 168 Mass. 105. *Brown* v. *Kellogg,* 182 Mass. 297. *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563.

If we assume, without deciding, that in all other particulars the proceedings of the petitioners would entitle them to the enforcement of their lien, it is necessary to reverse the order on the motion for dismissal, and to make upon each of the several bills of exceptions the entry " exceptions sustained."

*So ordered.*