MASSASOIT-POCASSET NATIONAL BANK *vs.* WILLIAM A. BORDEN & another.

Bristol. October 22, 1917. — December 11, 1917.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

Bond. *Jurisdiction. Judgment,* On bond in court of limited jurisdiction, Proof of. *Mechanic's Lien. Police, District and Municipal Courts. Evidence,* Best and secondary.

It is settled that the jurisdiction of a district court, so far as it depends on the amount to be recovered, is to be decided by the *ad damnum* in the writ.

An action on a bond for $4,000 given to dissolve a mechanic's lien may be brought in a district court whose jurisdiction is limited to claims of $1,000 if the *ad damnum* set forth in the writ is only $1,000.

In the action above described it was *said* that there is no statute nor any principle of public policy that requires an inferior court with a pecuniary limit to its jurisdiction, upon proof of the breach of a bond on which an action is brought, to enter judgment for the full penalty of the bond in excess of the *ad damnum* of the writ which is all that the plaintiff asks for.

In a proceeding to enforce a mechanic's lien the final judgment is the decree of sale and this, like other judgments, can be proved only by the record, or a certified copy of it. A warrant of sale following such a decree corresponds to an execution in an action at law and such a warrant, or a certified copy of it, is not competent evidence to prove the decree of sale.

CONTRACT for $1,000 against the principal and surety on a bond for $4,000 given under R. L. c. 197, § 28, to dissolve a mechanic's

lien on the interest of the principal defendant in a parcel of land on the corner of Broad Street and Main Street in Bridgewater. Writ in the Second District Court of Bristol dated October 25, 1915.

On appeal to the Superior Court the case was heard by *White,* J., without a jury. The facts that appeared in evidence are stated in the opinion. The plaintiff offered in evidence the warrant of sale in the proceedings to enforce the mechanic's lien together with a certified copy of it.

The defendants objected to the admission of the warrant of sale on the ground that it was not competent evidence of any record, that it was not a copy of the record and that it was not evidence of the things which are stated in it, and objected to the admission of the certified copy for the same reasons and also on the ground that it was not a copy of the record of judgment.

The judge admitted in evidence the certified copy of the warrant of sale, subject to the defendants' exception.

It was agreed by counsel that a demand for payment was made on the defendant Borden and that payment was refused; that Ralph T. C. Jackson performed labor on the premises described in the bond; that he assigned his interest to the plaintiff and that the plaintiff had no other claim of lien.

Before the arguments the defendants filed a motion that judgment be entered for the defendants "for that upon all the evidence the plaintiff cannot recover." This motion was denied by the judge.

The judge found for the plaintiff in the sum of $1,000, "being so much of the penal sum named in the bond as was within the jurisdiction of the Second District Court of Bristol." He further ordered that execution issue in favor of the plaintiff in the sum of $870.58. The defendants alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips,* for the defendants.

*A. N. Lincoln & A. H. Hood,* for the plaintiff.

PIERCE, J. This is an action on a bond dated October 15, 1913, given to the plaintiff as assignee of Ralph T. C. Jackson, by the defendant as principal and the defendant Royal Indemnity Company as surety, in the amount of $4,000.

The bond was given under R. L. c. 197, § 28, to dissolve a me-

chanic's lien upon the interest of the defendants in the real estate described in the bond, upon which the assignor of the plaintiff had claimed a lien pursuant to the provisions of R. L. c. 197 and acts in amendment thereof. The execution of the bond was not denied. On October 22, 1913, it was approved by the obligee, and on October 23 it was duly recorded in the registry of deeds for the county in which the property lies. The plaintiff, as assignee of the lienor Jackson, had the right to enforce the lien in Jackson's name, *Wiley* v. *Connelly*, 179 Mass. 360; as assignee, he was not "A person to whom a debt is due . . .;" nor was he "the party claiming the lien" within the meaning of R. L. c. 197, §§ 1, 28. In running to the plaintiff as assignee of the person claiming the lien the bond was not in conformity to the statute. It was therefore void as a statutory bond, *Rockwell* v. *Kelly*, 190 Mass. 439, but was good as a common law bond, binding on the parties although not made in the mode provided by the statute under which it purports to have been given. *Bank of Brighton* v. *Smith*, 5 Allen, 413. *Mosher* v. *Murphy*, 121 Mass. 276. *Pray* v. *Wasdell*, 146 Mass. 324. *Farr* v. *Rouillard*, 172 Mass. 303. *Howe* v. *Grimes*, 211 Mass. 33. See *Chertok* v. *Morang, post,* 598.

October 25, 1915, action was brought on the bond in the Second District Court of Bristol with the *ad damnum* in the writ of $1,000. That court dismissed the action for want of jurisdiction. On appeal, the defendants filed in the Superior Court a motion that judgment be entered for the defendants; the motion was denied and the judge found for the plaintiff.

It is settled that the jurisdiction of district courts, so far as it depends upon the amount or value of the thing in question, is to be decided solely by the *ad damnum* set forth in the writ; and it is also settled that the jurisdiction of the Superior Court, as an appellate court is dependent on the jurisdiction of the inferior court. *Ashuelot Bank* v. *Pearson*, 14 Gray, 521. *Hall* v. *Hall*, 200 Mass. 194. In the case at bar, notwithstanding the *ad damnum* of the writ is not greater than the jurisdiction of the district court, it is contended that that court was without jurisdiction to hear and determine the issues because upon proof of a breach the judgment must be for the penalty of the bond, R. L. c. 177, § 9, *Newton* v. *Rice*, 118 Mass. 417; and also because it would be erroneous to enter judgment in excess of the *ad damnum* of the writ. *Safford*

v. *Weare*, 142 Mass. 231. *French* v. *Goodnow*, 175 Mass. 451. But we are of opinion that neither the statute nor any principle of public policy requires of an inferior court upon proof of a breach of a bond the entry of a judgment for the full penal sum of that bond, against the expressed desire and consent of the obligee to an entry of a judgment within the *ad damnum* of his writ and the jurisdiction of that court. *Huntress* v. *Burbank*, 111 Mass. 213.

The admission of the warrant of sale and a certified copy thereof, as evidence of a final judgment in the suit brought to enforce the lien, was error. The final judgment in a lien suit is the decree of sale which establishes the lien for a certain amount and orders a sale of the premises. The warrant of sale which issues upon and follows this decree corresponds to an execution which follows a final judgment in a common law action. A disputed judgment can be proved only by the record of that judgment or by a copy thereof duly attested by the clerk of the court wherein it was rendered. *Hoover* v. *Jones*, 84 Neb. 662.

The motion that judgment be entered for the defendants was denied rightly. The exception to the admission of the evidence is sustained.

*So ordered.*