*Northern District*
No. 6217

**JOHN THOMPSON, ppa**

**v.**

**ANNA WILLIS**

Argued————. Decided————1966.

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Troy, J.*, Municipal Court of the Dorchester District       No. 8011

Connolly, J.: *The plaintiff is an infant who brings this action of tort by his father and next friend.* He alleges that he was injured as a result of falling down a common stairway under the control of the defendant. He further alleges that he was caused to fall as a result of the negligence of the defendant in the maintenance of the landing at the top of the stairway.

The ad damnum of the writ is $2000.00.

The facts in the case are best described by quoting directly from the report.

> "The defendant was landlord and in control of premises and the plaintiff was a tenant since September 1962.

> "At the trial, the plaintiff's mother testified that the plaintiff at the time of the accident was two years of age and weighed approximately twenty-eight pounds; that on the morning of the accident, April 16, 1964, the child was wearing rippled soled slippers; that she was holding him by his hand with her right hand; that they started to go down the stairs and were at the edge of the landing and she was twisting back to reach the light switch with her left hand when they both fell and she caught herself and he fell ten steps and was unconscious and frothing at the mouth.

"She also testified that he fell on the edge of the landing, which she testified was rounded and worn about 1/4 of an inch deep and about one foot in length and that the middle became concave during the two years she resided at the premises; that the stairs were in good condition; and she acknowledged that two photographs showing the stairs were fair representatives of the stairs at the time of the accident.

"The plaintiff's mother testified that the child was taken to the Boston City Hospital where he remained for five days, that he was bruised on the forehead, spine and legs, neck and shoulders, that he saw a doctor six times, and at night the child had nightmares which lasted to June, 1964.

"A second witness, the plaintiff's uncle, testified that the stairs were in good condition; that the middle of the landing edge was concave about one-half inch.

"The defendant testified that she had owned the premises for twenty years; that the stairs were in good condition; each step, except the landing, being covered with rubber treads, which were solid and in good condition; that there never was a tread on the landing; that the plaintiff's mother had previously slipped at location of accident and had notified the defendant and had requested that she place a tread

on the landing but that she had refused because it would be too dangerous. She stated that the edge of the landing was rounded about 1/4 to 1/2 inch and was the result of the usual wear and use of the stairs, and that the stairs were in the same condition for years and were in the same condition when the plaintiff's father became her tenant.

"Evidence was heard that another family, tenants of the defendant, used the same stairway, and that each tenant cleaned her own stairs down.

"The defendant submitted Exhibits "A" and "B",* photographs of the stairway. The plaintiff's witness testified that the photographs were representative of the condition of the stairs at the time of the accident."

At the close of the trial, the defendant made the following requests for rulings:

"1. The evidence warrants a finding that the common passageway in the premises leased by the plaintiff from the defendant was in the same condition as it was or purported to be in at the time of the letting.

"2. The defendant-landlord owed the plaintiff-tenant, the duty to use reasonable

---

*The exhibits were not forwarded to the Appellate Division with the Report and as a consequence, were not available to the Division at the hearing.

care to keep common stairway for use of all tenants, in his control, as safe for its intended use as it was or appeared to be at the beginning of tenancy.

"3. Defendant-landlord owes members of plaintiff's tenants' family same duty that she owes tenant.

"4. The evidence would warrant a finding that an infant 2 1/2 years old is too young to exercise care for his own safety.

"5. The evidence would warrant a finding that the negligence of the custodian of child too young to exercise care for his own safety which negligence is imputed to the child, prevents the plaintiff from prevailing.

"6. The evidence would warrant a finding for the defendant."

The Court ruled as follows:

1. "Allowed, but I do not so find.

2. "Allowed.

3. "Allowed.

4. "Allowed.

5. "Denied.

6. "Allowed, but I do not so find."

and found for the plaintiff and assessed damages in the sum of $2850.00.

The defendant claims to be aggrieved by:

1. The denial of defendant's request for ruling numbered 5.

2. The indication of an erroneous application of law despite the granting of

defendant's requests for rulings numbered 1 and 6.

3. The inclusion in the findings and rulings of the Court of statements which as a matter of law are beyond the authority and jurisdiction of the Court.

4. The inclusion in the findings and rulings of the Court of statements which as a matter of law are a variance between the plaintiff's pleadings and his proof.

5. The assessment of monetary damages which as a matter of law are beyond the jurisdiction or authority of the Court, and illegally excessive.''

1) The defendant's request for ruling #5 was properly denied. G.L. c. 231, § 85-D; *Altman* v. *Barrons, Inc.,* 343 Mass. 43.

2) We see no indication of an erroneous application of law in the disposal of the defendant's requests #1 and #6. Both were allowed. The phrase, ''but I do not so find'' was surplusage and only repeated the fact that the court was finding for the plaintiff.

3) We do not understand defendant's claims #3 and #4. There were no statements other than those used in the disposal of the defendant's requests and these were not beyond the authority and jurisdiction of the court, nor did they constitute a variance between the plaintiff's pleadings and this proof.

5) The assessment of damages in the amount of $2850.00 when the ad damnum was only

$2000.00 was error. *French* v. *Goodnow,* 175 Mass. 451; *Safford* v. *Weare,* 142 Mass. 231; *Kinnear* v. *General Mills Inc.,* 308 Mass. 344.

Because the trial judge did not choose to correct the error before the establishment of the report, we are not inclined to order such a correction made. As a consequence, the case is remanded to the court of origin for a new trial.

We feel that the interests of justice would best be served by a new trial on the merits and not one limited to damages. *Via* v. *Asbestos Textile Co. Inc.,* 325 Mass. 210.

Rose J. Smith, Esq.

For Defendant

Maynard G. Evans, Esq.

For Plaintiff